JENNIE CARROLL *et al.* v. DANIEL CHIPMAN.

**No. 395.***

EVIDENCE—*Incompetent Witness—Agent.* Section 333, chapter 95, General Statutes of 1897 (Gen. Stat. 1889, ¶ 4417), which provides that "no party shall be allowed to testify in his own behalf in respect to any transaction or communication had personally by such party with a deceased person," does not apply to an agent of a party to the action, such agent not being a party to the action, and having no legal interest in the result of it.

Error from Miami district court; J. T. BURRIS, judge. Opinion filed July 21, 1899. Affirmed.

*B. F. Simpson,* and *W. H. Browne,* for plaintiffs in error.

*John C. Sheridan, W. H. Sheldon,* and *F. M. Sheridan,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: Frank Carroll and wife executed their note and a mortgage on their homestead to Daniel L. Chipman. It is now alleged by Chipman that at the time of the execution and delivery of the note and mortgage there was a verbal agreement between Frank Carroll, the mortgagor, and C. W. Chandler, the resident agent of Chipman, who negotiated the loan, that the property should be insured for the benefit of Chipman. Before the trial Frank Carroll died and the action was revived against the widow and children, the plaintiffs in error. At the trial, C. W. Chandler, the resident agent of Daniel Chipman, was called as a witness for defendant in error, to prove that at the time the loan was made and the mortgage

---

*Petition for order to certify denied by supreme court September 5, 1899.— REP.

executed Carroll agreed to keep the mortgaged property insured for the benefit of the mortgagee. The plaintiffs in error objected to his competency as a witness to testify in that respect. The trial court overruled the objection. Of this ruling the plaintiffs in error complain.

Section 333, chapter 95, General Statutes of 1897 (Gen. Stat. 1889, ¶ 4417), provides that "no party shall be allowed to testify in his own behalf in respect to any transaction or communication had personally by such party with a deceased person." The question presented is, Does this section prohibit C. W. Chandler, the authorized agent of Carroll to make the contract, from testifying? The tendency of the later decisions is that such statutes are to be literally and strictly construed, and that all doubts should be resolved in favor of admitting, and against restricting, the evidence. It does not appear that Chandler had any legal interest in the result of the suit. He was not testifying in his own behalf and had nothing to lose or to gain by the operation and effect of the judgment to be rendered.

The General Statutes of Minnesota (1878), chapter 73, section 8, provide that "it shall not be competent for any party to an action, or interested in the event thereof, to give evidence therein, of or concerning any conversation with, or admission of, a deceased or insane party or person, relative to any matter at issue between the parties." The supreme court of that state, in the case of *Darwin v. Keigher*, 45 Minn. 64, 47 N. W. 314, construing this section, said that it does not apply to an agent of a party to the action, such agent not being a party to the action, nor having any legal interest in the event of it.

The question has never been submitted to the

supreme court of this state, but the following authorities throw some light on it: *National Bank v. Beard*, 55 Kan. 773, 42 Pac. 320 ; *Shorten v. Judd*, 56 id. 43, 42 Pac. 337 ; *Murphy v. Hindman*, 58 id. 184, 48 Pac. 850 ; *Pulsifer v. Arbuthnot*, 59 id. 380, 53 Pac. 70.

Several errors are assigned, but they are not sufficient to require a reversal of the case. The judgment of the district court is affirmed.