### No. 23,035.

KATE SMITH, *Appellant,* v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, *Appellee.*

#### SYLLABUS BY THE COURT.

1. INSURANCE—*Pleadings—Opening Statement of Counsel—Motion for Judgment Thereon Properly Denied.* As opening statements of counsel are generally no more than outlines of anticipated proof and not intended as a complete recital of the facts to be produced on contested issues, a judgment should not be entered on such statements unless they are understandingly and completely made and the facts so stated absolutely preclude a recovery or a proposed defense.

2. SAME—*Opening Statement—Admissions.* Where there is doubt or ambiguity in the opening statement of counsel upon which judgment is asked, the counsel who makes it is entitled to the presumption that he did not intend to make an admission that would be fatal to his case.

3. SAME—The pleadings and opening statement of defendant examined, and *held,* that the court did not err in refusing to enter judgment thereon in favor of plaintiff.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed March 12, 1921. Affirmed.

*Thomas W. Clark,* of Pittsburg, for the appellant.

*John P. Curran,* of Pittsburg, and *William C. Michaels,* of Kansas City, Mo., for the appellee; *D. J. Haff, E. C. Meservey,* and *Charles W. German,* all of Kansas City, Mo., of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: Kate Smith brought an action against the defendant insurance company to recover upon a life insurance policy for $1,000 issued on December 6, 1909, upon the life of her husband, Asa Haden Smith. She alleged that premiums had been duly paid and the conditions of the policy performed until October 31, 1918, when the insured died, that proofs of death had been made to the company, and that demand for the

insurance had been refused. The answer of the defendant admitted the issuance of the policy, set out the plan of the insurance, stated that the insured had paid premiums for a time, had borrowed money from defendant upon the policy, had ceased to make payments of premiums and allowed the insurance to lapse in 1916 more than two years before the alleged death of the insured. It was further alleged that the company had never been furnished with proofs of death of the insured and there was a denial of all allegations of the petition not admitted. At the beginning of the trial counsel for plaintiff read from the averments of the petition and made a brief statement of the plaintiff's case and the proofs he intended to offer. An opening statement was then made by counsel for defendant in which he stated the defenses alleged in the answer, including the kind of policy issued, the premiums paid by the insured, the loans made to him, and also his default in the payment of the premiums for a considerable time and the lapse of the insurance. He also stated what the cash surrender value of the policy was upon lapse or forfeiture of the policy, which automatically extended the insurance for the limited time that such cash value would pay for. It was further stated that no proofs of death had been furnished to the company nor any proofs ever made that the insured was dead. It was alleged, too, that no demand had ever been made for a cash-surrender policy after the failure of the insured to pay premiums and that there was no insurance on his life after October, 1916. On the completion of this statement the plaintiff asked for judgment on the pleadings and opening statement of the defendant, but the motion was overruled by the court, and the plaintiff was directed to proceed with the trial of her case. Counsel for plaintiff declined to call any witnesses or offer proof of any kind and announced that he elected to stand on the motion for judgment on the pleadings and opening statement of counsel for defendant. The court then dismissed the case without prejudice for want of prosecution. Of these rulings plaintiff complains.

No error was committed in denying plaintiff's motion for judgment on the pleadings and opening statement of defendant. Substantial issues were formed by the pleadings, and the defenses alleged by defendant were not nullified nor shown to be groundless by the opening statement. The entry of judg-

ment on an opening statement is a summary but ordinarily not satisfactory or approved method of settling disputed questions of fact. It should only be done where the statements of fact essential to a recovery or a defense are completely, deliberately and understandingly made. (*Brashear v. Rabenstein*, 71 Kan. 455, 80 Pac. 950; *Abmeyer v. Bank*, 103 Kan. 356, 179 Pac. 368.) A party ought not to be concluded by a haphazard, incomplete or ambiguous statement made in opening his case. Frequently statements are mere outlines of anticipated proof and are not intended to be a complete recital of the facts upon which the court shall direct a verdict and finally determine the issues presented by the pleadings. Here an issue was made as to the death of the insured or the failure to furnish defendant with proofs of death. The plaintiff insists that it was unnecessary for plaintiff to furnish or make proof of death as it had been admitted by counsel for defendant in his opening statement. The plaintiff has not abstracted the opening statements on which the judgment was asked. By affidavits she undertook to bring into the record what is claimed to have been a few sentences of the statement. Defendant produces affidavits denying that the statement attributed to its counsel was made, and has produced an abstract of the notes of the stenographer who took the statement. It is claimed by plaintiff that the following fragment was a part of defendant's statement:

"The plaintiff says in her reply to the answer, that said answering defendant never did at any time deliver said policy to the insured, Asa Haden Smith, and never did at any time call for said policy number 1139078,—Your Honor, I did not notice that this reply contained these allegations until I came to the trial here or I would have asked that they be stricken,—the insured, Asa Haden Smith, was dead, how could we deliver a policy of insurance to him."

The transcript of the stenographer's notes in the counter-abstract gives the following as the statement relating to that subject:

"Well, I think the petition states that Mr. Smith died in 1918, or two years after this policy of extended insurance terminated. There was no proof of death furnished to the company at all; no proof was ever made that the man was dead. We assumed that what Mr. Clark stated in his petition was true for the purpose of this case. In all events he died after the insurance in this case had expired. No demand was made and there will be no evidence that a demand was made for a paid-up policy."

Smith v. Insurance Co.

As will be observed the defendant was still insisting that proofs of death had not been furnished and that no demand had been made for a cash-surrender policy. It cannot be regarded as an admission of the facts which the defendant says it was still contesting. If it be granted that the statement which plaintiff attributed to the defendant was made, it still could not be treated as a binding admission. It is ambiguous and argumentative in form and evidently is not stated as a conceded fact. On the one hand plaintiff was claiming in her statement that the insured was dead, and that defendant had failed to furnish a certain policy to the insured after he ceased to pay premiums, and on the other hand defendant in effect was responding: "You are claiming in your pleading and statement that the insured is dead, how could we deliver a policy to him." An ambiguous and argumentative statement of that kind inconsistent with the answer and other parts of the statement cannot be treated as a deliberate admission of a vital fact where judgment is asked on the opening statement. Where there is ambiguity or doubt in the statement, the counsel who makes it is entitled to the benefit of the presumption that he did not intend to surrender or concede a pivotal issue in the case. (*Gross v. Bennington,* 52 Wash. 417; 29 L. R. A., n. s., 218, note.) Aside from the fact that the statements referred to cannot be regarded as admissions on which judgment could be rendered, defendant's answer as well as the statement of counsel set forth a complete defense. According to the defenses pleaded and stated the insured was in default and without insurance of any kind for about two years before his death. As the case was submitted it is unnecessary to set out at length the details as to the premiums paid and those defaulted, or the loans made, or to give a computation of the cash-surrender value under the plan of insurance after the insured ceased to pay premiums, or the time to which the cash-surrender value would extend the insurance. For reasons already indicated it is clear that the plaintiff was not entitled to a judgment on the pleadings and opening statement alone. Refusing to offer proof in support of her averments and claims or to proceed with the prosecution of the action, no other course was open to the trial court than to dismiss the action, and it was rightly dismissed for want of prosecution.

There is nothing substantial in the exceptions to the preliminary rulings of the court in denying the motion to make the answer more definite and certain or in the overruling of the demurrer to the answer.

The judgment is affirmed.