No. 30,577.

C. L. Beeching et al., *Appellants*, v. Mrs. Bertha E. Beeching, as an Individual and as Executrix, etc., et al., *Appellees.*

(10 P. 2d 7.)

Opinion filed April 9, 1932.

*F. Dumont Smith, Eustace Smith* and *Arthur T. Symns,* all of Hutchinson, for the appellants.

*C. E. Branine* and *H. R. Branine,* both of Hutchinson, for the appellees.

The opinion of the court was delivered by

Sloan, J.: This was an action in partition and accounting.  The defendants prevailed, and the plaintiffs appeal.

The case was submitted to the trial court upon the pleadings,

agreed facts and admissions of the parties. The facts are as follows:

Perry Beeching, the father of the plaintiffs and John R. Beeching, died December 6, 1915, intestate, leaving as his sole heirs his widow, Lizzie Beeching, and his four children. Thereafter Lizzie Beeching died intestate, and the entire estate, which consisted of 1,120 acres of land, and personal property consisting of bonds, notes, mortgages and other securities, totaling about $10,000, passed to the plaintiffs and John R. Beeching as tenants in common. Shortly after the death of Mrs. Beeching, and on May 25, 1923, the plaintiffs executed a power of attorney by which they mutually constituted John R. Beeching their attorney in fact to liquidate, demand, collect and account for all the personal property derived from the estate of Perry Beeching and Lizzie Beeching, as heirs at law and owners in common; that at the time of the execution of the power of attorney it was agreed that John R. Beeching, as agent, should handle the real estate, lease the same, collect the rentals, pay the taxes and other expenses, and account to the plaintiffs for their interest therein; that John R. Beeching, acting under the power of attorney and agreement for the plaintiffs and himself, proceed to liquidate the personal property and collect the rents and profits from the real estate; that prior to his death he disposed of all of the personal property, and certain real estate not involved in this action was sold and conveyed by the plaintiffs and John R. Beeching; that certain lots located in the city of Hutchinson described in the petition had been acquired by John R. Beeching in the settlement of a mortgage held by the estate; that at the death of John R. Beeching the only personal property in his hands was the sum of $122.74, on deposit in the bank in the name of John R. Beeching, trustee, and five shares of stock of the Pryor-Lockhart Development Company, a common-law trust, which was purchased by John R. Beeching and paid for out of the funds belonging to the plaintiffs and John R. Beeching; that no transfer or change of title of the real estate described in the petition had been made, except as above indicated, and John R. Beeching claimed at all times to be the owner of an undivided one-fourth interest therein; that at one time John R. Beeching paid to each of the plaintiffs and himself out of the proceeds of the estate the sum of $1,500. No other or further accounting appears to have been made and there is no record of the amount received.

John R. Beeching died August 6, 1929, leaving a last will and

testament, which was admitted to probate on August 17, 1929, in the probate court of Reno county. By the terms of the will Bertha E. Beeching is the sole devisee and she was on August 20, 1929, duly appointed executrix of the estate and published notice of her appointment as provided by law, the first publication being made on August 22, 1929; that claims were filed against the estate of John R. Beeching, deceased, and allowed by the probate court, aggregating the sum of $8,000. The plaintiffs did not file any claim in the probate court, but filed this action in the district court on May 1, 1931. The plaintiffs allege in their petition that they and the defendant, Bertha E. Beeching, owned and were seized and possessed of the real estate as tenants in common by reason of their ownership; that they were owners in common of the personal property; that John R. Beeching handled the property under and by virtue of the power of attorney and agreement; that he failed to account to the plaintiffs for their interest in the property and the rents and profits accruing thereon, and asked that an accounting be had and partition be made according to law.

On these facts the trial court concluded as a matter of law that the plaintiffs and the defendant, Bertha E. Beeching, were the owners of the real estate as tenants in common, each being the owner of an undivided one-fourth interest; that the one-fourth interest of Bertha E. Beeching was subject to the right of the executrix of the estate of John R. Beeching, deceased, and the creditors thereof, to have the same sold for the payment of debts and claims established against the estate; that the real estate should be partitioned and sold as provided by law, and the proceeds of the one-fourth interest of Bertha E. Beeching paid to the executrix of the estate of John R. Beeching, deceased, to be distributed in the probate court; that the stock in the Pryor-Lockhart Development Company be partitioned one-fourth to each of the plaintiffs and one-fourth to the estate of John R. Beeching, deceased. It was admitted by the defendants that the account in the bank, in the amount of $122.74, should be paid to the plaintiffs. The court further concluded that the claim for rents and profits against the estate of John R. Beeching, deceased, was barred by the statute of limitations, and that it was unnecessary to have an accounting to determine the amount due plaintiffs.

The appellants contend that the court erred in its conclusions of law; that under the facts the court should have determined, through an accounting, the amount due the appellants from the estate of

John R. Beeching, deceased, and charged the same against his share of the property as of the time of his death.

On the other hand, the appellees contend that since John R. Beeching acted as the agent of the appellants his failure to account for the rent and profits, and the use of the personal property, did not create a lien on his share in the land and the appellants stand in the position of general creditors, and their claim is barred by the statute of limitations.

There appears to be a contention between the parties as to the power of the court to make an equitable distribution of property, both personal and real, in a partition suit. We think there is little room for controversy over this question. It is true that the statute is silent as to the power of the court to partition personal property, but it is given express power to make an order not inconsistent with the statute that may be necessary to make a just and equitable partition between the parties, and to secure their respective interest. (R. S. 60-2114.) The court, as among the parties, in the exercise of its equitable jurisdiction, has the power, in decreeing the partition of real estate, to partition personal property, make a complete accounting, including rents, profits and the use or appropriation of the common personal property, and if any one or more of such cotenants has received more than his proper proportion of such rents or personal property, require the amount of such excess to be settled from the proceeds of the sale of the property coming to such cotenant, unless the rights of third parties are prejudiced thereby, or it would be otherwise inequitable. (*Scarborough v. Smith*, 18 Kan. 399; *Scantlin v. Allison*, 32 Kan. 376, 4 Pac. 618, and *Mackey v. Mackey*, 99 Kan. 433, 163 Pac. 465.)

The law is well settled that the rights of creditors are fixed definitely according to their status at the time of the death of the debtor. (11 R. C. L. 257.) The statute prescribes a complete procedure for the administration of the estate of a deceased debtor, and classifies demands against the estate. (R. S. 1931 Supp. 22-701.) Unless the appellants had at the date of the death of John R. Beeching some valid lien on or claim to his share in the real estate superior to the claim of other creditors none would arise upon the filing of a suit in partition.

It seems quite clear from the admitted facts that John R. Beeching, during his lifetime, liquidated the personal property, collected rents and profits from the land and converted the same to his own use. Did the fact that he was a cotenant of the appellants and

their agent create any lien or claim against his share in the real estate which may be enforced as against the creditors whose claims had been allowed by the probate court? We think not.

In 7 R. C. L. 836 it is said:

"It ought not to be held on principle that any lien or encumbrance arises in favor of one cotenant against the share or interest of another in the land for rents due. Such liens would be indefinite in amount, and undisclosed by public records, upon which third persons in dealing with the owners of property ordinarily have a right to rely."

In *Omohundro v. Elkins*, 109 Tenn. 711, the court said:

"Where a mortgage is executed upon lands by a tenant in common, before suit for partition is instituted, the lien of the mortgage thereunder upon the interest of the mortgagor is superior to, and overrides the right of a cotenant to reimbursement for rents collected in excess of his share, such right being a mere equity that arises upon the filing of a bill for partition, making claim for reimbursement upon proper allegations in respect thereof." (Syl. ¶ 2.)

In *Flack v. Gosnell*, 76 Md. 88, the court said:

"A tenant in common has no lien against his cotenant's interest in land for rents in excess of his share collected and retained by the latter before partition of the land." (Syl. ¶ 1.)

The general rule appears to be well established that a tenant in common has no lien for rents against his cotenant's share in the land which he can assert to the prejudice of other creditors. (27 A. L. R. 237.) The appellants had a cause of action against John R. Beeching in his lifetime to account for rents and profits. (*Stephenson v. Patton*, 86 Kan. 379, 384, 121 Pac. 498.) It was not necessary to have joined this in a partition action. (*Overlander v. Overlander*, 119 Kan. 348, 239 Pac. 751.) The cause of action accrued the moment John R. Beeching appropriated the proceeds of the personal property and rents and failed to account therefor on demand. Such an action could have been prosecuted to judgment, which would have been a lien on the real estate owned by John R. Beeching. Since no lien was created during the life of John R. Beeching equity will not create one after his death to the prejudice of other creditors. Since the appellants contend that the stock in the Pryor-Lockhart Development Company was owned in common, we hold that the same principles apply to it as applied to the real estate.

It necessarily follows that the appellants were general creditors of the estate, and as such their claim is barred by the statute of limitations. ( R. S. 1931 Supp. 22-727, and cases there cited.)

The judgment of the trial court is affirmed.