No. 31,173.

LEOTA V. TAYLOR, *Appellant*, v. THE AMERICAN HOME LIFE INSURANCE COMPANY and THE GREAT SOUTHERN LIFE INSURANCE COMPANY, *Appellees*.

(22 P. 2d 459.)

Opinion filed June 10, 1933.

*Kenneth K. Cox,* of Wichita, for the appellant.

*W. B. Lowrance, C. A. Matson, I. H. Stearns* and *E. P. Villepique,* all of Wichita, for appellee The American Home Life Insurance Company.

The opinion of the court was delivered by

DAWSON, J.: This was an action on a life insurance policy. Plaintiff was the named beneficiary. The defendant company which issued the policy admitted it owed somebody. Another defendant claimed the proceeds of the policy under an assignment of it by the deceased insured, which assignment in its inception had also been executed by the plaintiff.

The material facts, in part, were these: In 1921 the Great Southern Life Insurance Company issued a life insurance policy for $2,000 to the late Ralph V. Taylor, husband of this plaintiff. Taylor was an insurance solicitor. In 1925 Taylor was in the employment of the American Home Life Insurance Company, defendant, on a commission basis. His employer was accustomed to make advances to him on his prospective commissions. On April 4, 1925, Taylor borrowed $1,000 from his employer, giving his demand promissory note therefor, signed by himself and wife, plaintiff herein, and secured by an assignment of his $2,000 policy issued by the Southern company. Plaintiff joined in that assignment. This note was eventually paid, but the policy assigned for its security was not returned. It remained in the possession of the American Home Life Insurance Company until the death of Taylor, which occurred on May 20, 1931. At various times after the transaction of April 4, 1925, Taylor procured loans and advances of commissions from his employer. In some of these, notes were executed by Taylor and plaintiff.

In plaintiff's action to recover on the policy following the death of her husband, she impleaded the American Home Life Insurance Company, alleging that it claimed some interest in the policy, and prayed for an adjudication that it had no right to it or to the sum due under its terms.

The defendant, which issued the policy, answered, admitting the execution of the policy, and alleged that its face value was subject to certain deductions for a policy loan and for unpaid policy notes and the interest thereon, but liability in the sum of $1,618.73 was acknowledged in favor of whomsoever the court should decide upon.

The American Home Life Insurance Company answered and filed a cross petition in which it alleged facts substantially as outlined above. It also pleaded a paragraph of the insurance policy which permitted the insured to change the beneficiary, and another paragraph which gave the insured the right to assign the policy.

It was further alleged that the policy was assigned, not only to secure the indebtedness of $1,000 stated above but also to secure any indebtedness owing by insured or plaintiff, or both of them, to this defendant—

"And to secure the payment of any advances which the said American Home Life Company might make from time to time to the said Ralph V. Taylor, now deceased, and to the said plaintiff, or either of them, and to secure the payment of any money which at their request might be thereafter loaned by said American Home Life Company to the said Ralph V. Taylor, now deceased, and Leota V. Taylor, or either of them, and that the said life insurance policy was to be a continuing security for the advancements or loans of money which might be made by the said American Home Life Company to the said Ralph V. Taylor, deceased, or to the said plaintiff herein, or either of them, at sundry and divers times in the future."

This defendant also set out four notes executed by Taylor in its favor for $200, $200, $4,989.80 and $2,500, upon all of which an aggregate balance of $3,969.16 was still due, and that the life insurance policy was pledged and given as security for this amount. By an amendment to its answer this defendant set up some details of a transaction involving applications for insurance by three persons, George, Frederick and Herman Blau, on which Taylor had accepted premium notes amounting to $1,177.30, which he had discounted in the Leoti State Bank, deducted his commission and remitted the balance to defendant, but that these applicants had refused to submit to a requisite medical examination and had lodged a charge of fraud against defendant with the insurance department of the state of Kansas as the outgrowth of Taylor's dealings with them, the exact nature of which defendant did not know at the time its answer and cross petition were filed because the insurance department had not yet determined what, if any, liability might be imposed on defendant on account thereof.

Plaintiff's reply alleged that any indebtedness secured by the policy under the assignment to which she had assented was long since paid; that the policy had never been assigned to defendant for any other indebtedness owing by Taylor, nor to secure payment of future advances to him, nor to secure further loans to him or to plaintiff, nor to both of them; that neither Taylor nor plaintiff were indebted to defendant at the time of his death, and that any indebtedness owed or which might yet be due from Taylor or herself was fully secured by renewal commissions due or to become due and that these would pay in full any sum which might be owing to defendant as the net result of its dealings with Ralph V. Taylor.

Many other allegations of fact are set out at length in the pleadings, but the foregoing summary of the issues will sufficiently serve for this review.

The cause was tried before a jury. The burden of proof was placed on defendant and cross petitioner, the American Home Life Insurance Company. Its evidence, subject to objections of plaintiff touching its competency, tended to support the material allegations of its defense. One significant item of defendant's evidence was a letter written by Taylor to the president of the defendant company, which contained the following:

*"My Dear Mr. Metzger:*          "KINGMAN, KAN., October 10, 1927.

". . . I will pay this week again the premium on two thousand dollars insurance that is assigned to your company to make my account safer."

The jury returned a general verdict in favor of the American Home Life Insurance Company, and answered some special questions, as follows:

"1. Was the written assignment of the insurance policy involved in this action and dated May 12, 1925, executed and delivered by R. V. Taylor and the plaintiff to secure only the $1,000 note dated April 4, 1925? A. Yes.

"2. Was the policy of insurance on the life of R. V. Taylor issued by The Great Southern Life Insurance Company assigned to and delivered to The American Home Life Insurance Company about May 20, 1925? A. Yes.

"3. Was the policy mentioned above, left with and kept by The American Home Life Insurance Company until the date of the death of R. V. Taylor? A. Yes.

"4. Did R. V. Taylor, from time to time, borrow money from The American Home Life Insurance Company while the policy was being held by said company? A. Yes.

"5. Did either R. V. Taylor or his wife, Leota V. Taylor, ever demand or request the return of the above policy at any time after May 20, 1925? A. No.

"6. Did R. V. Taylor and Leota V. Taylor owe The American Home Life Insurance Company money in excess of the amount of the policy at the date of his death? A. Yes.

"7. Did the plaintiff, Leota V. Taylor, at all times know that the policy described in question No. 2 was deposited with and in the possession of The American Home Life Insurance Company from on or about May 20, 1925, up until the death of her husband, R. V. Taylor? A. Yes.

"8. Did Leota V. Taylor execute the promissory notes and all of same described in the answer and cross petition of The American Home Life Insurance Company, and permit same to be delivered to said company? A. Yes."

Plaintiff's motions for judgment *non obstante,* and for judgment on the answer to special question No. 1, and for a new trial, were overruled; and judgment was entered for defendant.

Plaintiff appeals. The errors she assigns center about the question whether the appellee is entitled to receive the proceeds of Taylor's insurance policy which it held as security for the amount of notes, advancements and borrowings Taylor had obtained from appellee, or whether its rights are limited to the terms of the original assignment of April 4, 1925. A related question is that of estoppel which may require no determination.

It is first suggested that the special findings of fact were inconsistent with the general verdict. In support of this point, attention is directed to special finding No. 1 where the jury· found that the assignment originally was only intended to secure the note for $1,000 dated April 4, 1925. But that finding did not preclude consideration of the question whether the original conditions of the assignment were afterwards changed or modified by Taylor and the appellee. The facts were sufficiently pleaded to permit that defense; and certainly there was evidence to support it. Some probative significance inhered in the circumstances—the policy was retained by the appellee for several years after the $1,000 note was paid (special finding No. 3), plaintiff at all times knew of its retention (special finding No. 7), and neither Taylor nor plaintiff ever sought its return (special finding No. 5). There was also the evidentiary significance which the jury could justly attach to the language of Taylor in his letter to President Metzger, wherein he referred to this policy of insurance as being "assigned to your company to make my account safer." What concern could President Metzger have in the fact that Taylor was about to pay the premium on the policy, as the letter stated, if Metzger's company was not holding it to make Taylor's account safer?

Plaintiff contends, however, that there was no specific allegation or specific proof of any subsequent assignment or repledge of the policy after the transaction of April, 1925. But the facts were sufficiently pleaded so that plaintiff joined issue thereon and did not demur thereto nor otherwise attack their sufficiency; and the evidence outlined above, and other evidence to which we will later refer made a *prima facie* case that the terms of the original assignment had been enlarged or a subsequent assignment or repledge had been made, and that Taylor had repeatedly acknowledged its existence, as in his letter to Metzger, dated at Kingman, October 10, 1927.

Plaintiff complains of the introduction of evidence touching various conversations between Taylor and different officers of the appellee. Typical of these was the testimony of Hobbs, secretary of the defendant company. In part, it read:

"A. Mr. Taylor arrived in Topeka on a Sunday evening and called me out to my home and asked me if I could come down to his room at the hotel. . . . He said he would like to talk to me before I went to the office Monday morning. I told him I would be at the hotel room Monday morning about eight o'clock. I was there and went up with him to his room, and he said that he desired to secure an additional loan of money from the company, and he asked me if I thought Mr. Metzger, the president of the company, would loan him any more money and I told him I didn't think so. He then made the statement that I was acquainted with how much business he had on the books of the company at that time and he felt he had four or five more years of good active service and that the potential renewals created in this additional new business, that he thought he could write, together with the renewal commissions he already had on the books and with the insurance he assigned to the company to protect his indebtedness that he thought he would be safe in making him an additional loan.

"A. That was in September of 1930."

Timely objection was made to this and other testimony of similar import, one ground of which was that it was not binding on plaintiff. But the code section which deals with the admissibility of testimony touching transactions with deceased persons places no ban on such testimony as that of Hobbs. Neither his negotiations with Taylor nor those of Metzger and Taylor were personal. Hobbs and Metzger were merely agents of the defendant, and their testimony was competent. (*Carroll v. Chipman*, 8 Kan. App. 820, 57 Pac. 979; *Shawnee State Bank v. Royal Union Life Ins. Co.*, 127 Kan. 456, 461-2, 274 Pac. 132.) See, also, 21 A. L. R. 928 *et seq.*

Plaintiff complains of certain instructions, two of which fairly develop the trial court's theory of this lawsuit:

"No. 9. When one person borrows money from another person and at the time of obtaining such loan gives to the lender security without designating what it secures, the presumption is that it was given to secure only the sum borrowed at the time the security was given; *but this presumption may be rebutted by evidence that the borrower afterwards borrowed other sums of money and agreed that the security should be used to secure the later sums borrowed.*

"No. 11. If R. V. Taylor and his wife executed the assignment of the policy under the express agreement with The American Home Life Insurance Company that it was given to secure only the $1,000 note executed by plaintiff and her husband to the insurance company on April 4, 1925, then your verdict must be for the plaintiff for $1,618.73, *unless you further find that there was a subsequent agreement by which the insured agreed that the policy should be used as security for further loans as elsewhere instructed.*"

It is plaintiff's contention that the language in these instructions which we have italicized was not within the issues. We must hold otherwise. Indeed, plaintiff herself must have so construed defendant's answer and cross petition, as may be noted in her reply, part of which we have outlined above in our summary of the pleadings. While challenging their relevancy, plaintiff's counsel does not contend that these instructions are incorrect statements of law. We hold they were pertinent also.

Critical emphasis is laid by plaintiff upon the opening statement of counsel for appellee. He said: "The only fact to be proven, as I take it, is whether or not this assignment was made to cover future debts or obligations that he might have to the American Home Life." This court has said that opening statements of counsel are not to be construed in narrow technical fashion. (*Smith v. Insurance Co.,* 108 Kan. 572, 574, 196 Pac. 612.) They merely serve to give the jury a general outline of what the lawsuit is about. So construed, there was no prejudicial variance from that outline throughout the course of the trial of which plaintiff may justly complain.

Other objections to the judgment earnestly pressed in the brief for appellant have been carefully considered, but they suggest nothing to justify further discussion, nor can we discern anything in the entire record to arouse misgiving about the justice of the judgment presented for our review.

The judgment is affirmed.