No. 31,112

MIKE MOSES, *Appellee,* v. THE MISSOURI PACIFIC RAILROAD COMPANY, *Appellant.*

(26 P. 2d 259.)

Opinion filed November 11, 1933.

*W. P. Waggener, J. M. Challiss, O. P. May, B. P. Waggener,* all of Atchison, and *George L. Stevenson,* of Pittsburg, for the appellant.

*Charles S. Denison* and *Carrie Fayne Denison,* both of Pittsburg, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Mike Moses brought this action to recover damages from the Missouri Pacific Railroad Company for injuries and loss sustained by him at a point where the railroad crosses a highway on which he was traveling in his automobile at 11:30 p. m. on July 15, 1931, and where the defendant negligently backed a string of cars against him on the crossing. Plaintiff recovered a judgment for $1,577.50, made up of several items for medical care, pain and suffering, loss of earnings and permanent injury. Defendant appeals.

The plaintiff alleged and contended that he was traveling in his automobile, near the town of Carona, at a speed of about twenty-

five miles an hour until he approached the railroad track, when he slowed down his car to from ten to twelve miles an hour; that he looked and listened for trains on the track, and not seeing or hearing one he drove onto the crossing. When he came within about ten feet of· the track he discovered a string of approaching cars backing down the track in the darkness, without light on the end of the string; and without sounding a whistle or giving a warning of any kind the defendant recklessly backed the train over the crossing in front of him and he had no opportunity to avoid a collision. He testified that when he did discover the backing cars he put his foot on the brake and endeavored to stop the car, but the backing train struck the front of his automobile, causing serious injury to him.

The defendant's pleading was a general denial, and it also alleged contributory negligence on the part of plaintiff in not having his automobile under control when he approached the crossing. On the evidence the jury made the following special findings of fact in response to questions submitted:

"1. At what rate of speed was plaintiff traveling in his automobile at the time he approached the railroad tracks? A. Ten to fifteen miles per hour.

"2. What, if anything, did plaintiff do to prevent the accident? A. Put on brakes.

"3. What negligence, if anything, was defendant guilty of? A. No light or warning.

"4. Could the accident have been prevented if plaintiff had been driving at a slower rate of speed? A. No.

"5. When plaintiff first saw the train how far was he from the railroad track? A. Ten to twelve feet.

"6. What was there to have prevented plaintiff from stopping before going on crossing after he saw defendant's train? A. Lack of distance.

"7. Did defendant's train block said crossing from the time it arrived at Carona, Kan., until accident occurred? A. Evidence didn't prove that crossing was blocked.

"8. If you answer the above question yes, then state what, if anything, there was to prevent plaintiff from seeing the train in time to have avoided the accident. A. ———.

"9. How much do you allow plaintiff for: (a) Medical care? A. $50. (b) Mental pain and suffering? A. $280. (c) Loss of earnings? A. $247.50. (d) Permanent injury? A. $1,000."

Defendant assigns as error the refusal of the court to give judgment for defendant on the opening statement made by plaintiff at the beginning of the trial. Error is also assigned on the overruling of defendant's demurrer to plaintiff's evidence and the refusal to

direct a verdict for defendant. Complaint is made of the instructions and in not requiring more specific answers to the questions submitted to the jury.

There was no error in refusing to give judgment on the opening statement of counsel for plaintiff. That can only be done where the concessions plainly and understandingly made in the statement will as a matter of law preclude a recovery. (*Hall v. Davidson,* 73 Kan. 88, 84 Pac. 556. See, also, *Smith v. Insurance Co.,* 108 Kan. 572, 196 Pac. 612.)

Here the statement set out the facts showing obvious negligence of defendant, and certainly the statements with reference to the approach of the plaintiff to the track and the care exercised by him did not amount to an admission that plaintiff was guilty of contributory negligence as a matter of law. That question was plainly one for the jury.

On the question that plaintiff's evidence was insufficient and required a directed verdict and judgment, the contention is not that defendant was free from ordinary negligence but was rather that plaintiff was himself guilty of contributory negligence. No good defense could well be made for backing a string of cars across a street or highway in the nighttime without light on the advancing cars and without sounding a warning of any kind. The train was composed of thirty-four cars and had been run down to the station at Carona, about one-fourth of a mile from the crossing. There the train was cut, leaving the hind end of it on the main track and cutting off seven cars which were backed towards a switch and switch track. The light on the engine pushing the cars was reflected in the opposite direction from that in which the cars were moving. The testimony of plaintiff was that when he approached the track he both looked and listened for trains and cars, and that he neither saw nor heard any until he came within about ten feet of the track. One taking these precautions might reasonably assume that he could cross the track without danger. He had no cause to anticipate that a train would be pushed or pulled over the crossing in the nighttime without lights or warning of some kind. If the brakeman had been posted on the end of the advancing string of cars with a swinging lantern, it would have constituted some warning to the plaintiff; and if such a precaution had been taken, probably the casualty would have been averted. It is urged that plaintiff might have stopped his automobile after discovering the approaching cars when he was

within ten or twelve feet of the track. According to the testimony he attempted to do so, and whether his failure to do so in that limited space and time was contributory negligence was a fair question for the determination of the jury. This court is not warranted in declaring as a matter of law that his failure to do so in the brief time and space available constituted contributory negligence.

The defendant claims that error was committed in not requiring more specific answers to questions numbered two, four and six. In answer to question number two: "What, if anything, did plaintiff do to prevent the accident?" The answer was: "Put on brakes." Question number four: "Could the accident have been prevented if plaintiff had been driving at a slower rate of speed?" The answer was: "No." And question six: "What was there to have prevented plaintiff from stopping before going on crossing after he saw defendant's train?" The answer was: "Lack of distance."

The answers, while brief, are reasonably specific. Beyond that, however, the record discloses that defendant did not move to make the answers to the questions two, four and six more specific. Even if they are subject to the objection now made, it is not available as a ground of error since the defendant did not bring it to the attention of the court and ask for more specific answers. It appears that the plaintiff did require the jury to make more specific answers to questions seven, eight and nine, but no complaint is now made that the answers to these questions are not sufficiently specific nor that there was error in denying the request. Hence these do not require consideration.

Complaint is made of failure to give requested instructions and, also, some criticisms of those that were given. So far as the requested instructions are concerned, the rules of law involved in them appear to have been embodied and fairly covered by those given. As to those given, it may be said that not all the instructions given are preserved in the record, but those that are included appear to be appropriate to the issues joined in the case. They were the standard instructions given in this class of cases and are free from material error.

We find no error in the record, and the judgment must be affirmed. It is so ordered.

HUTCHISON, J., not sitting.