No. 31,974

L. S. TAYLOR, *Appellee,* v. THE COLEMAN LAMP & STOVE COMPANY, *Appellant.*

(40 P. 2d 457)

Opinion filed January 26, 1935.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith* and *C. H. Morris,* all of Wichita, for the appellant.

*Austin M. Cowan, C. A. McCorkle, J. D. Fair, W. A. Kahrs* and *R. H. Nelson,* all of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment overruling a demurrer to a petition in which plaintiff sued for damages sustained to his person and property by the explosion of a gasoline heater manufactured by defendant.

Plaintiff's petition alleged that he was a resident of Texas; that defendant was a Kansas corporation which supplied a jobber in Fort Worth, Tex., with its heaters; that in December, 1930, he purchased a heater manufactured by defendant from this jobber in Fort Worth; that he used the heater occasionally during the winter of 1930-1931; that in the spring of 1931 the generator of the heater became clogged and would not function, and that plaintiff detached and delivered it to a business concern, the Texas Implement Company, for replacement. About three months later plaintiff received from the latter company a new generator manufactured by defendant, and in October, 1931, when the season required the use of a

heater, he used it equipped with this new generator, and for a time it worked perfectly.

Plaintiff further alleged that on December 5, 1931, the heater was installed in the bathroom of his home in Fort Worth. It was filled with gasoline; air was pumped into its tank; and the heater was lighted in accordance with instructions furnished plaintiff in a pamphlet by the vendor. Plaintiff alleged that for a brief time "the burner lit perfectly," but soon "the generator split from end to end causing a flash and explosion, spurting flaming gasoline" over plaintiff's face and body and setting fire to his house and destroying it and its contents.

Plaintiff alleged that the heater manufactured by defendant was sold and distributed to the public generally; that it was an article inherently dangerous, and in consequence defendant owed a duty to all persons into whose hands such heaters might lawfully come to exercise a degree of care and caution in their manufacture commensurate to the peril attached to their use. Plaintiff also alleged that defendant breached that duty, and further alleged that defendant impliedly warranted the heater and its constituent parts to be fit and safe for their intended use. One paragraph of the petition reads:

"6th. Plaintiff further alleges and states that said warranty was breached by the defendant in that there were defects in said stove and generator which were inherent and latent, and of such nature that plaintiff could not discover their existence, but that defendant knew of the existence and the nature of such defects, or through the exercise of that degree of care commensurate with the peril incident to the use of its product, defendant could have discovered the existence and nature of such defects before selling said stove and particularly the generator thereof, to the plaintiff herein, and could have repaired, replaced or remedied the same, all of which defendant negligently failed to do, which said negligence on the part of defendant was the direct and proximate cause of the explosion of plaintiff's stove as aforesaid and his consequent damage."

Before joining issue by demurrer or answer, defendant filed a motion alleging that plaintiff's petition contained three theories of negligence:

"(a) Claim under the doctrine of *res ipsa loquitur*.

"(b) Claim of injuries resulting from specific negligence.

"(c) Claim for damages because of a breach of an alleged implied warranty of fitness.

"Defendant alleges that it is unable to determine from said petition which of said theories is to be relied upon in said action and that it cannot plead or answer to said amended petition in its present condition.

"Wherefore, defendant prays for an order requiring the plaintiff to recast his petition and file an amended petition herein."

When this motion came on for hearing, plaintiff announced in open court that he was relying solely upon the doctrine of *res ipsa loquitur* and was not otherwise seeking recovery.

Thereupon the court ordered that plaintiff's petition be so construed, and overruled the motion to require him to recast his petition. Following this ruling defendant demurred to the petition on the ground that it did not state a cause of action against the defendant.

This demurrer was overruled and defendant promptly appealed, contending that since plaintiff concedes that he must rely on the rule of *res ipsa loquitur* to establish defendant's negligence or breach of warranty or both, and *arguendo* that the application of that rule would not establish a *prima facie* liability against defendant, it would be useless to proceed further, and that the cause should be summarily disposed of by nonsuit. In some jurisdictions there appears to be an approved practice of this sort. (3 Bouvier's, Rawle's 3d Rev. 2360-2364.) But it is not sanctioned in our practice. This court on occasion has approved or directed judgment on the pleading of a litigant and the opening statement of his counsel; but we have said such summary disposition of an action should only be made when it is clear that on no theory of the facts pleaded and stated can the pleader's cause or defense prevail. (*Smith v. Insurance Co.*, 108 Kan. 572, 196 Pac. 612; *Taylor v. American Home Life Ins. Co.*, 137 Kan. 862, 868, 22 P. 2d 459; *Moses v. Missouri Pac. Rld. Co.*, 138 Kan. 347, 26 P. 2d 259.)

See, also, 83 A. L. R. 221, 224 *et seq.*

We regard plaintiff's announcement that he would rely on the doctrine of *res ipsa loquitur* as an opening statement and entitled to the same liberal consideration. It merely foreshadowed that when issues were joined and the cause came on for trial, he expected to invoke this particular rule of evidence as far as necessary and pertinent to supply the want of other proof to establish his cause of action. Whether *res ipsa loquitur* will completely and effectively accomplish what plaintiff expects of it is not a matter of present concern. Nor is it necessary at this time to indulge in a dissertation

concerning the doctrine itself. See *Clark v. Cardinal Stage Lines*, 139 Kan. 280, 31 P. 2d 1, and citations; and a recent critical analysis of Kansas cases in 3 J. B. K. 158-160.

The judgment is affirmed.