No. 34,134

ROBERT SPEER et al., *Appellants,* v. MAGGIE A. SHIPLEY, THOMAS SPEER et al., *Appellees.*

(85 P. 2d 999)

Opinion filed January 7, 1939.

*S. S. Alexander* and *T. M. Flick,* both of Kingman, for the appellants.

*Paul H. White, Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of Wichita, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This action was brought by four of six children against the other two children of the same family, praying for partition of the three pieces of real estate which their parents owned at the time of their decease, and for rent from Thomas, one of the brothers, who occupied one of the three tracts, called the third tract, from the time of the death of his mother. Later an amended petition was filed; then an answer was filed by Thomas and his sister, and a reply was filed by the plaintiffs in the form of a general denial. Further details as to the allegations of the amended petition and the answer will be stated later.

When the case came on for trial in the district court a jury was

waived and one of the attorneys for the plaintiffs made an opening statement. Several interruptions occurred during the making of the opening statement, and questions were asked, answers given and statements were made by defendants' counsel along the line of restricting or limiting the matters in controversy. At the close of the opening statement the defendants made a motion for judgment on the opening statement "for the reason that under said opening statement the plaintiff is not entitled to the relief sought in this petition for the reason that as a cotenant he has a perfect right to live in the property without being charged any rent and no rent can be recovered from him in the absence of an express contract." The court sustained the motion for judgment for defendants—this ruling on the opening statement applying only to the question of the recovery of rent from Thomas. The attorney for plaintiffs then stated that he was introducing the petition as a part of his opening statement. Thereafter the court overruled a motion for reconsideration of the ruling already made, and from both these rulings the plaintiffs appeal.

The motion of defendants for judgment on the opening statement refers to the petition in that the plaintiff was not entitled to the relief sought in the petition. So at least the court was necessarily advised as to the prayer of the petition when the ruling was made sustaining the motion. Then when the petition was referred to by the attorney for the plaintiffs as a part of his opening statement, it was all necessarily before the court on the reconsideration of the ruling on the motion for judgment on the opening statement. This was as it should be, not only the amended petition but other pleadings should be and necessarily are before the court for consideration on a motion for judgment on the opening statement, regardless of a reference to the prayer of the petition in the motion or its introduction by the attorney for plaintiffs as a part of his opening statement. The ruling is not on such a motion because of statements made by the attorney, but upon issues joined by the pleadings, unless the statement contains adverse admissions or some specific denial of the clients' allegations. It was said in the case of *Brashear v. Rabenstein*, 71 Kan. 455, 80 Pac. 950, that—

"The pleadings, and not the statements, make the issues, and no matter how deficient a statement may be from an artistic standpoint, or what its shortcomings may be in the estimation of the critical attorney on the other side, the court is not authorized to end the case because of them unless some fact be clearly stated or some admission be clearly made which evidence relevant

under the pleadings cannot cure, and which, therefore, necessarily and absolutely precludes recovery." (p. 458.)

The first paragraph of the syllabus of the case just mentioned is as follows:

"It is not indispensable that the preliminary statement of the plaintiff's case to the jury shall include all the facts essential to recovery. The facts referred to in the statement need not be stated with exactness, and the court is not authorized to take the case from the jury or to render judgment upon the statement unless some fact be clearly stated or some admission be clearly made which evidence relevant under the pleadings cannot cure, and which, therefore, necessarily and absolutely precludes recovery." .

It was held in *Smith v. Insurance Co.*, 108 Kan. 572, 196 Pac. 612:

"As opening statements of counsel are generally no more than outlines of anticipated proof and not intended as a complete recital of the facts to be produced on contested issues, a judgment should not be entered on such statements unless they are understandingly and completely made and the facts so stated absolutely preclude a recovery or a proposed defense." (Syl. ¶ 1.)

In the late case of *Caylor v. Casto*, 137 Kan. 816, 22 P. 2d 417, it was said on this subject, after approving the two cases above cited and others:

"Opening statements, being permissive and not obligatory, may be brief or full and complete. No judgment should be entered on the opening statements of counsel unless it clearly appears that such statements are knowingly and completely made, and disclose facts which absolutely preclude a recovery by one party and compel a judgment for the other." (p. 819.)

So such a motion depends more upon the matters pleaded than upon the language used in the statement. An exception to this general rule could be applied to the statement made in this case in answer to a question by opposing counsel as to whether Thomas had made an agreement to pay rental. The answer was in the negative, and if the petition had alleged that a contract had been made, the statement denying that would have been controlling. Aside from such exceptions, the consideration of such a motion is very much like that of a demurrer, and the trial court in this case, in sustaining the motion, referred to it as a demurrer.

The trial court, in sustaining the motion, referred to the case of *Brown v. Thurstin*, 83 Kan. 125, 109 Pac. 784, as controlling, and also referred to the case of *Beeching v. Beeching*, 135 Kan. 242, 10 P. 2d 7, as being similar to the one at bar in that it was a partition suit. The Brown case is urged by the appellees as controlling in cases of this character, although it was not a partition action, and

we think it is controlling. 29 L. R. A., n. s., 224, refers to this case in the following manner:

"In harmony with *Thurstin v. Brown,* the majority of the cases hold that the mere use and occupation of the common property does not render a tenant in common liable to his cotenant for rent."

The Beeching case, although it was a partition suit, involved collection of rents from third parties, the statute of limitations and other matters which are not involved here.

Our statute on partition actions, G. S. 1935, 60-2114, is as follows:

"The court shall have full power to make any order not inconsistent with the provisions of this article that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests."

The holding in the Brown case, which does not seem to have been modified or changed in this state, was as follows:

"The mere occupation and use of the common property by one tenant in common does not create the relation of landlord and tenant between him and his cotenant, nor render him liable for rent.

"Before a tenant in common will become liable to pay rent to his cotenants for the use and occupation of the common property his occupancy must be such as amounts to a denial of the right of his cotenants to occupy the premises jointly with him, or the character of the property must be such as to make such joint occupancy impossible or impracticable." (Syl. ¶¶ 1, 2.)

Under this holding it became necessary in this case to consider whether or not there was "a denial of the right of his cotenants to occupy the premises jointly with him," and under the former decisions cited, the pleadings and not the verbal statement make the issues in the case. So it becomes necessary, and was necessary, for the trial court when ruling upon this motion and the reconsideration thereof to consult the pleadings in the case.

The amended petition consisted of three causes of action, and as described in appellee's brief they are, "the first for ejectment, the second for partition and the third for an accounting." The first cause of action described the parties and the properties, which consisted of two farms and also a house and lot in the edge of Wichita, the latter described as tract three or third tract, and consisting of three acres, with barn and sheds, used largely for raising poultry, fruits and gardening, together with household furniture and fixtures. The amended petition further alleged that Thomas Speer had been in the exclusive physical possession of tract three since the death of the mother, which was on May 24, 1935, and the improvements and personal property thereon, and has had the sole and exclusive use of

such tract, the improvements and personal property thereon, "and at all times since the death of the said Isabelle Speer, said defendant Thomas Speer has claimed and asserted the right to the full use and enjoyment of said tract of real estate, improvements and personal property, free of any claim of his cotenants for the use, value, or rents and profits thereof."

The amended petition further alleged that the plaintiffs and the defendant sister are entitled to the possession of tract three and the personal property as tenants in common with defendant Thomas, "and the said Thomas Speer wrongfully endeavors to bar his said cotenants from the rights of possession of said tract three of said real estate and said personal property herein described, and the rights of possession of all of the parties hereto as cotenants of said tract three and such personal property, . . . and the defendant Thomas Speer should be ejected from the exclusive possession of said tract three and said personal property."

The second cause of action has to do with the question of partition of the real and personal property. The third cause of action concerns the right of the plaintiffs to collect from defendant Thomas a fair and reasonable use and rental value of tract three from May 24, 1935, which was to be $60 per month, because tract three had been occupied exclusively by him and he had had and enjoyed the exclusive use thereof, and improvements, together with the personal property thereon.

The first part of the prayer of the amended petition is as follows:

"That the defendant, Thomas Speer, may be ejected from the exclusive possession of tract three of the real estate hereinabove described and all of the personal property thereon and therein so jointly owned by the plaintiffs and the defendants, Maggie A. Shipley and Thomas Speer, as tenants in common. . . ."

The defendants filed an answer, the first of which is as follows:

"The defendants, Maggie A. Shipley and Thomas Speer, in their answer set up the claim that Thomas Speer was entitled to the exclusive possession of such tract three and the personal property involved until a partition could be secured of such property; and that the other cotenants had no right to the possession of such tract three and such personal property until such sale."

The third paragraph of the defendants' answer refers to a conference and agreement made by all the children in connection with the closing of the mother's estate in the probate court on or about May 20, 1936, with reference to Thomas having lived at the home place with his mother prior to her death and having cared for her

"and had put in no claim to the estate for such care," and for that reason he should continue as the custodian of this property until the sale of the property, and further alleged:

"That, in addition, the plaintiffs and these answering defendants, in consideration of the care and attention which the defendant, Thomas Speer, had given to their mother prior to her death, and his waiver of a claim against her estate, agreed that the West First Street property described as Tract No. 3 should be placed upon the market for sale, and that until a sale could be obtained for the same at a price satisfactory to all of the parties, that the defendant, Thomas Speer, should continue in the possession of the same and should not be required to pay any rent thereon until said real estate was sold for a price satisfactory to all of the parties and the property conveyed to the purchaser."

The all-important question is whether the pleadings show or allege a denial by Thomas of the right of his cotenants to occupy the premises jointly with him, or an ouster of them therefrom. In addition to the frequent use in the allegations of Thomas occupying exclusively, and having the sole and exclusive use of the premises, are the following allegations in the amended petition, as above quoted: that he "has claimed and asserted the right to the full use and enjoyment of said tract of real estate, improvements and personal property, free of any claim of his cotenants for the use, value or rents and profits thereof." Another allegation is that he "wrongfully endeavors to bar his said cotenants from the rights of possession," and that he "should be ejected from the exclusive possession." Is there an ouster where one in possession claims and asserts the right to the full use and enjoyment of the property and where he wrongfully endeavors to bar the cotenants from the right of possession as cotenants? This looks very much like ouster. We thoroughly agree with counsel for appellees that there cannot be any recovery by cotenants of rent from a cotenant in possession unless his occupancy amounts to a denial of the right of his cotenants. We think these allegations show a state of facts, if proved, that would amount to such a denial. At the same time it must be admitted that the expressions used in the oral statement, as shown by the record, did not definitely amount to such a denial or ouster. But we are not limited in this consideration to the amended petition. We, as well as the trial court, have before us the statements contained in the answer, and all the pleadings must be considered on the hearing of such a motion, as stated in the Brashear and other cases above cited.

The answer alleges that Thomas was entitled to the exclusive possession and that the other cotenants had no right to the possession until sale was made. The answer further bases this right upon an agreement as to compensation for his services and care of his and their mother because he "had put in no claim to the estate for such care," and "his waiver of a claim against her estate." The first part asserts a right to the exclusion of the cotenants, which is all an ouster can be. The last part gives a reason for the right or claim of excluding the cotenants, basing the right of ouster upon a contract. As to the contract pleaded in the answer, which was denied generally in the reply, we may observe a part of the oral statement made by the attorney for the appellants as follows:

"There was $1,700 paid to Thomas Speer for the keeping of his mother and then the rest of the cotenants demanded rent from that date on."

This should be considered only as explanatory, but to get the issues we go back to the pleadings.

In *Taylor v. Coleman Lamp & Stove Co.*, 141 Kan. 168, 40 P. 2d 457, it was said:

"This court on occasion has approved or directed judgment on the pleading of a litigant and the opening statement of his counsel; but we have said such summary disposition of an action should only be made when it is clear that on no theory of the facts pleaded and stated can the pleader's cause or defense prevail. (*Smith v. Insurance Co.*, 108 Kan. 572, 196 Pac. 612; *Taylor v. American Home Life Ins. Co.*, 137 Kan. 862, 868, 22 P. 2d 459; *Moses v. Missouri Pac. Rld. Co.*, 138 Kan. 347, 26 P. 2d 259.)" (p. 170.) (See *Glenn v. Railway Co.*, 87 Kan. 391, 124 Pac. 420.)

The case of *Mackey v. Mackey*, 99 Kan. 433, 162 Pac. 295, is cited as a partition suit in which there was a claim of ouster, and it was held that—

"Where upon competent evidence the fact is ascertained by the district court that a cotenant excluded her cotenant from possession of property, the fair rental value of the property may properly be charged against the usurping cotenant in an incidental accounting which pertains to the partition suit." (Syl. ¶ 3.)

We think there was sufficient claim of ouster in the pleadings to justify, under the above authorities, the claim of rent by the cotenants.

Appellees urge three points or grounds in favor of the rulings as made by the trial court: (a) Ouster is not alleged in the pleadings; (b) plaintiffs did not construe the pleadings as alleging ouster and

are bound by that construction; and (c) the issue of ouster, not having been raised in the court below, cannot be raised on this appeal.

The first ground we have already considered. As to the second ground, we gather from the brief of the appellees that the matter of ouster was an afterthought and not mentioned until a few weeks later upon the hearing of a motion to reconsider the former ruling. This may not have been the best time to present it for the first time, but the former presentation was not conclusive as a construction of the extent of the pleadings, and it even then afforded an opportunity to correct an oversight or omission. It is not argued as being a contradictory attitude, but the adding of something not before presented. The delay in raising the point of ouster will not prevent this court from reviewing the matter if the trial court, within the proper time and manner, had an opportunity to consider the question of the existence or nonexistence of such an issue—that of ouster —as being in the pleadings.

Counsel for the appellees very ably discuss the matter of the practicability of all the cotenants occupying the property at the same time, and we agree with them that in this case that matter is immaterial.

Because we believe the allegations of the pleadings, both the amended petition and the answer, present and contain an issue of ouster, we conclude that the rulings sustaining the motion for judgment on the opening statement and overruling the motion to reconsider the same were erroneous and should be reversed.

The judgment is reversed.