SAMUEL P. P. FAY, Judge of Probate, *vs.* JEFFERSON TAYLOR, Administrator, & others.

An administrator with the will annexed prayed to be allowed, in his first account, for a certain sum "retained" to pay legacies, and in his second account, "for sundry payments made, as stated in the last account," a sum including all the items of credit in the first account. *Held*, that the allowance of these accounts severally by the judge of probate, though with the consent of the legatees, did not discharge the obligation of the administrator's bond to pay the legacies according to the will.

Money paid to an executor or administrator, by the owners of real estate liable to be sold by him for the payment of debts, legacies and charges, in order to prevent such sale, especially with the approbation of the judge of probate, is assets of the estate, to be accounted for and paid as assets: and for a failure to appropriate it to the payment of a legacy to one of such owners, the executor or administrator and his sureties are liable in an action on the probate bond.

ACTION OF CONTRACT upon a probate bond, in the penal sum of $10,000, executed on the 19th of September 1848, by Jefferson Taylor, administrator with the will annexed of Jonas Taylor, as principal, and the other defendants as his sureties, and conditioned, as required by Rev. Sts. *c.* 63, §§ 2, 8, among other things, to " administer according to law, and to the will of the said testator, all his goods, chattels, rights and credits, and the proceeds of all the real estate that may be sold for the payment of his debts or legacies, which shall at any time come to the possession of the said administrator, or to the possession of any other person for him." This action was brought on the 29th of September 1852, by authority of the judge of probate, for the benefit of the three minor daughters and sole issue of the testator's son Frederick, who died before his father. The breach assigned in the declaration was the failure to pay to said daughters, upon demand, a legacy of $600, bequeathed by the testator to said Frederick, although, as the declaration alleged, the defendant Taylor had received, in his said capacity of administrator, sufficient property to pay all debts and expenses of administration and legacies, according to the terms of the will, and had rendered his account of administration, and therein charged himself with the payment of the same.

Answer, " that said administrator has fully administered

according to law and the will of the testator, all his goods and chattels, rights and credits, and the proceeds of all his real estate, which has been sold by him as administrator for the payment of debts and legacies, which have come to his possession, and that said administrator has paid each and every legacy mentioned in said will and directed to be paid." The defendant Taylor was afterwards defaulted.

*Thomas,* J. before whom the trial was had, reserved the case for the decision of the whole court, upon the following facts :

Jonas Taylor, by his will, dated February 7th 1837, and duly proved on the 19th of September 1848, made his two sons and his two daughters his residuary devisees, and bequeathed $600 to each of his two sons, Frederick, and Jefferson, the defendant.

Said administrator, in his first account, allowed by the probate court on the 3d of December 1850, charged himself with property and money received, and credited himself with various payments and charges, and also with the following : " Retained twelve hundred dollars to pay legacies, $1,200," meaning said two legacies of $600, and so defined in a schedule annexed to the account.

On the 2d of March 1852, said administrator petitioned the judge of probate for leave to sell the real estate, (which was sufficient for the purpose,) for the payment of a balance which he claimed as due him from the estate. At the hearing upon this petition, all the other residuary devisees, (who, together with said administrator, had previously sold and conveyed said real estate as their own property,) appeared and objected, and offered to pay him their respective proportions of the balance claimed by him, which was $780, in order to relieve said real estate from the lien thereon for the payment of debts, &c. and to prevent its sale. This proposition was accepted by the administrator, and thereupon the judge of probate passed an order, by which, after a recital that all parties interested had had notice, and had appeared, and had agreed to contribute their proportions of the amount of the debts or claims to pay which it was proposed to sell the real estate, and their offer being accepted, the petition was dismissed. And the sum of $195

was thereupon paid to said administrator by the husband of each of the daughters of the testator, and by the guardian of the children of Frederick. The administrator on the same day rendered his second and final account, praying to be allowed "for sundry payments made, as stated in last account," an amount equal to all the payments, charges and legacies included in the first account, and also praying to be allowed for charges since incurred, and payments since made, and for interest on such payments; and charging himself "with sums received, as stated in last account," and also with each of the three amounts of $195 so received from the other residuary devisees, "to pay balance due on the estate, so as to relieve real estate of lien, being one fourth," and "with amount of Jefferson Taylor, his share, $195;" and thus the account was balanced; and, with the assent in writing of all parties interested, was allowed by the judge of probate on the 1st of June 1852.

It was admitted that payment of this legacy had been duly demanded of said administrator, in behalf of said minors, on the 11th of June 1852, and that he had never paid the same to any person.

*D. S. Richardson,* for the plaintiff. The administrator, in his first account, admitted the amount of legacies in cash in his hands. The second account was a final settlement, and left him nothing to do but to pay this legacy. The money paid in by the residuary devisees to relieve the real estate of lien was assets to be administered; and even if it were not, the administrator had previously "retained" money out of the proceeds of other assets to meet this legacy, and in his final account claimed and appropriated the money so paid in, to make up payments made by him in advance, and it was so allowed in the final account, together with interest on such payments in advance. *Jennison* v. *Hapgood,* 10 Pick. 100, and 14 Pick. 345. *Grant* v. *Hapgood,* 13 Pick. 159. *Newcomb* v. *Stebbins,* 9 Met. 545. *White* v. *Starr,* 13 Pick. 380. *Phillips* v. *Rogers,* 12 Met. 407. *Commonwealth* v. *Forney,* 3 W. & S. 353. *Zeigler* v. *Sprenkle,* 7 W. & S. 175. The decree of the probate court allowing the final account is conclusive upon this matter, and

the administrator is estopped to deny that the money so paid is assets. *White* v. *Swain*, 3 Pick. 368. *Loring* v. *Steineman*, 1 Met. 207. *Lyman* v. *Conkey*, 1 Met. 322. It makes no difference in the extent of the liability of the sureties, whether the money came from a sale of real estate, or from a sum paid in with the approval of the probate court on release of the administrator's right to sell.

*B. Russell & B. F. Butler*, for the sureties. The facts stated in the report show no breach of the condition of the bond, which is not to pay debts and legacies, but "to administer according to law, and to the will of the testator." The amount retained by the defendant in his first account was absorbed in the payment of other claims upon the estate. The money, claimed in this suit, was paid into the hands of the administrator by the residuary devisees; and there is no provision of law authorizing the contribution of money by residuary devisees to save real estate from sale for the payment of legacies, as there is from sale for payment of debts and charges of administration. Rev. Sts. *c.* 71, § 9. This payment is to be regarded as a gift, by the residuary devisees, including the children for whose benefit this suit was brought, of their own money to Jefferson Taylor, in his private capacity, and as an agent through whom these children were to receive it. This money was in no sense the property of the testator; nor did it accrue from sales of his real estate, nor in any other manner contemplated by the defendant's bond. The parties, who induced the administrator not to sell the real estate, are estopped to complain that he did not sell it. 1 Greenl. Ev. §§ 195, 207, 208 *Shattuck* v. *Gragg*, 23 Pick. 88. *Hicks* v. *Cram*, 17 Verm. 449. The parties in interest, including these children, waived the condition of the bond, and agreed that the administrator should not administer according to law, but according to their agreement, to which the sureties were not parties; the sureties therefore cannot be liable for the administrator's failure to administer according to this agreement.

Shaw, C. J. By the general rule of law, if a legatee dies in the lifetime of the testator, the legacy lapses: but in this com-

monwealth, this rule is reversed by statute, when the legatee dies leaving issue who survive him ; such issue take the legacy. Rev. Sts. *c.* 62, § 24. These minors are therefore entitled to this legacy, in the same manner as if given directly to themselves.

This legacy having been assented to by the administrator, and he having, by his first account, not only admitted its validity, but admitted that he had funds in his hands, and claimed an allowance for money reserved for its payment, it became his duty as administrator to pay it; and a neglect and refusal to pay it on special demand, made by one duly authorized, may be assigned as a breach of the condition of the bond to administer the estate according to the will.

There being a breach of the bond, a suit in the name of the judge of probate will lie. It is not however one of the cases where a suit may be brought by one interested, without authority from the judge of probate, as it may be by a general creditor after judgment, or a creditor whose claim has been established under a commission of insolvency, or a distributee after a definitive decree of distribution; but it is one of the cases in which the judge of probate may, on application, authorize any creditor, next of kin, *legatee* or other person aggrieved, to bring an action on the bond. Rev. Sts. *c.* 70, §§ 3–6. *Newcomb* v. *Williams,* 9 Met. 525. Such an application having been made to the judge of probate, and an order obtained for authority to sue the bond, the action is rightly brought.

The obligation of the bond being to administer the estate according to the will, and the will directing the payment of this legacy by the administrator, if he had assets, it was his duty to pay it, and a failure of duty not to pay it. His first account admits that he knew of this legacy of $600, besides one of like amount to himself, and that he then had funds sufficient to pay them. And then, after praying to be allowed for expenses and debts, he adds, "*retaining* $1,200 to pay legacies," of which, it is agreed, the legacy to these minors was one. Perhaps it was irregular to treat the sum thus retained as an absolute credit, for the very expression implied that he had not paid it,

and that of course he still owed it, and owed it in his capacity of administrator. The purpose could only have been, to show what amount he had in his hands, applicable to the payment of other debts and charges, after reserving enough to pay these two legacies. The allowance of an account thus framed could be no discharge of the legacies ; on the contrary, it was an admission that he held and had appropriated the fund for discharging them.

But it is insisted that, in his second account, he charged these legacies as paid, and that this account was allowed by consent of these minors. But we think that this is not so. In this second account, the administrator charges himself with the amount as stated in the first account, and then with the contributions of the four heirs, including himself, to make up the balance stated, in his petition for leave to sell, to be in arrear. The contributions were credited as money paid to save the real estate from being sold. He then prays to be allowed " for sundry payments made, *as stated in last account,*" and then carries out a sum, including all the debts, legacies and charges. When therefore these minors, by their guardian, assented to this account, and prayed that it might be allowed, they assented to it *as stated,* and such statement referred directly to the first account, which mentioned these legacies, not as paid, but as legacies for the payment of which he had retained funds. They are not estopped therefore from showing the truth, that they were not in fact made.

Then the question arises, whether the sums, contributed by the devisees to avoid the sale of the real estate, were assets in the hands of the administrator, for which he was liable officially to account, and for which, if not accounted for, the sureties may be liable on this bond. Perhaps this question does not necessarily arise, because nearly the whole amount thus contributed was due to the administrator for his own legacy, and one quarter part of it was due from himself, as one of the residuary devisees, making the contribution of the other three less than the legacy coming to these minors. But without laying down any general rule, the court are of opinion that

where there is sufficient real estate, liable to be sold by license of the judge of probate, to pay all debts, legacies and charges, the proceeds of which, when sold, would be assets, and the owners of the estate, to prevent the sale, offer to pay the amount in money, to pay which it is proposed to be sold, and such offer is accepted and the money paid, especially with the approbation of the judge of probate, the amount thus received is assets of the estate, to be accounted for and paid as assets. In the present case, it was so received by the administrator, and entered in his account as assets.

Some of the grounds of this opinion are these: 1. The money thus received is, in a certain sense, the proceeds of the estate, liable for the charges, and convertible into money, as if sold by license, and then it would certainly be assets. The case of rents is analogous, where, though the heirs might enter and take them, yet, if taken by executors, they must be accounted for as assets. *Stearns* v. *Stearns*, 1 Pick. 157. It is true that the money contributed was never the money of the testator; but it was paid to redeem property, which had been the property of the testator, bound by law for the payment of debts and legacies. It is like money paid to redeem a mortgage. Such an arrangement does not increase the responsibility of sureties.

2. It is within the equity, if not by fair construction within the principle of the statute, requiring all parties interested to have notice, authorizing them to give bonds to the executor or administrator, to be approved by the court, conditioned to pay all the debts mentioned in the petition. Rev. Sts. *c.* 71, §§ 8, 9. Section 8 provides that no such license shall be granted, until notice be given to the parties interested, that they may appear and show cause why the same should not be granted. Do they not show sufficient cause why a sale shall not be made, if they furnish funds, and thereby remove the only ground on which such sale is alleged to be necessary? Such was the opinion of the judge of probate; and, upon the ground that the payment of the money by the parties interested in the estate superseded the necessity of a sale, he dismissed the administrator's petition.

and subsequently passed his account, in which the sums thus paid were credited as assets.

Upon all the facts, as stated in the report, the court are of opinion that the action is maintainable, and that judgment be rendered for $10,000, the amount of the penalty, and execution awarded in the name of the judge of probate, for a sum equal to the legacy and interest. See *Newcomb* v. *Williams*, 9 Met. 525