Chief Justice JOHNSTON and Mr. Justice CLARK A. SMITH join with me in this dissent.

---

JOHN T. STEWART v. IVAN D. ROGERS, as Administrator, etc.

No. 13,974.     (80 Pac. 58.)

SYLLABUS BY THE COURT.

1. EXECUTORS AND ADMINISTRATORS—*Contract between Creditors of the Estate—Right of Administrator to Sue upon it.* Where two creditors of an estate enter into an oral contract to pay the debts of the estate and expenses of administration, in consideration of the conveyance of certain real estate to them by the heirs, which is done, such contract becomes an asset of the estate and may be sued upon by the administrator, although neither he nor the heirs had any knowledge of it at the time it was made.

2. PRACTICE, DISTRICT COURT—*Statement of Case to Jury—Variance.* The statute authorizing a party upon whom rests the burden of the issues briefly to state his case and the evidence by which he expects to support it is permissive only. He may or may not make such statement, at his own election. The issues are made not by such statements but by the pleadings. If a party elect to make such statement, and there be a substantial variance between it and his pleading, it is not a sufficient ground upon which to base a motion for judgment in favor of the opposite party, unless such statement in effect admits facts which preclude the party's right of action or defense as stated in his pleading.

Error from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed March 11, 1905. Affirmed.

*Kos Harris,* and *Ed. T. Hackney,* for plaintiff in error.

*C. E. Elliott, James T. Herrick, James Lawrence,* and *W. W. Schwinn,* for defendant in error.

The opinion of the court was delivered by

CLARK A. SMITH, J.: Henry Knowles died intestate in 1898, and at the time of his death owned several tracts of real estate in Sumner county, and little, if any, personal property. Several of the tracts of real estate, if not all of them, were encumbered by mortgages, and there were some small debts, besides the expenses of administration.

Prior to the death of Knowles the Connecticut Mutual Life Insurance Company had brought suit to foreclose one of these mortgages, and it bought in a certain tract of land at the foreclosure sale at a price which left a considerable deficiency judgment. There was a defect in its title to the land purchased, by reason of a defective description in the order of sale. Stewart, the plaintiff in error, and his wife had tax liens against some of the Knowles land; and the Wellington National Bank, in which Stewart was inter-

ested, also held mortgages against some of the realty. The land, it appears, was of about the value of the mortgages and indebtedness, perhaps less.

The defendant in error was, at the time of the commencement and trial of this action, the administrator of the estate. He brought this action, alleging as a basis of recovery the following:

"It was agreed verbally by and between the three parties, the heirs of Henry Knowles on the one hand, consisting of Sarah Knowles, Wesley R. Knowles, Frank E. Knowles, and Eva Youmans, John T. Stewart, on his part, and the Connecticut Mutual Life Insurance Company, on its part, by William Collins, its agent, that the said heirs of Henry Knowles should execute a deed to the defendant, John T. Stewart, conveying to him the land herein first described, being the land which belonged to Henry Knowles at the time of his death, and should convey by their deed of quitclaim to the Connecticut Mutual Life Insurance Company the said 100 acres of land hereinbefore described, and that the said Connecticut Mutual Life Insurance Company, on its part, should execute a release of its said judgment against Henry Knowles, and satisfy and discharge its claim against the said Henry Knowles and his estate, and that the defendant, John T. Stewart, should, in consideration of receiving a deed for the land herein first described from the heirs of Henry Knowles, and in consideration of the release and satisfaction of said judgment, which was a lien on said land, pay and discharge all debts of the said Henry Knowles, and all demands against said estate which might be exhibited and allowed by the probate court of Sumner county, Kansas, against said estate, and cause and procure said estate to be settled solvent, and to provide funds and money with which to pay and satisfy all demands which might be proved and allowed by the probate court of Sumner county, Kansas, against said estate, and all costs of administering said estate."

The petition then states that in pursuance of the agreement the heirs of Henry Knowles executed the two deeds, one to John T. Stewart and the other to the Connecticut Mutual Life Insurance Company, that the

life-insurance company released said judgment, and that John T. Stewart failed and refused to furnish the money to close up the estate.

After a demurrer to the petition was overruled the defendant below answered denying plaintiff's capacity to sue and right of recovery, and also setting up a written contract, signed by himself and the heirs of Henry Knowles, alleged to have been executed after the contract set up in plaintiff's petition was made. He claimed that the conveyances of real estate to him by the Knowles heirs were made under this written contract and not under the verbal contract set forth in the plaintiff's petition.

A trial was had in the district court before a jury and a verdict rendered in favor of the administrator for $1443.25. A motion for a new trial was denied and judgment was rendered for this amount and costs. To reverse this judgment Stewart brings the case to this court.

The plaintiff in error makes forty-five assignments of error, and while we have considered each of them we shall not discuss them *seriatim.* There being no requests for special findings of fact, and no special findings being made, it is to be presumed that the jury found all the issues of fact in favor of the plaintiff which are necessary to sustain their verdict and the judgment thereon, so far, at least, as there is any evidence to support any such fact in issue.

There is no evidence that the heirs of Henry Knowles named in the petition were present with Stewart, plaintiff in error, and Collins, as agent of the Connecticut Mutual Life Insurance Company, and made the tripartite contract set forth in the petition; but there is evidence that Stewart and Collins made the contract substantially as set forth in the petition, and that Stewart procured the Knowles heirs to perform the contract on their part, and that the life insurance company performed the contract on its part,

and that the consideration for releasing the judgment in favor of the life-insurance company and the principal consideration for the conveyance by the Knowles heirs of a part of the land to the life-insurance company and a part of the land to Stewart was the agreement of Stewart to pay the debts of the estate and have the estate settled as solvent. Thus by ratification the Knowles heirs became parties to the contract, and they performed the contract, and hence there is no material variance between the allegation and the proof.

The principal legal question presented is whether an administrator may maintain an action upon a contract made after the death of the intestate, to which he was not as such administrator a party and of which he had no knowledge at the time it was made, or whether such action, if maintainable at all, should be brought by the creditors to be most directly benefited thereby. The creditors surely could not recover the expenses and costs of the administration of the estate, the payment of which was part of the contract, "that the estate might be settled as solvent." Nor could the creditors in a joint action recover an amount sufficient to pay the entire indebtedness of the estate, as one creditor would have no interest in the payment of a debt due to another. Each creditor could in this view only collect as much as was due from the estate to himself. Can this multiciplicity of actions be avoided by the administrator's maintaining one action for the entire amount due to all the creditors under the contract and for the costs and expenses of administration, so that the estate may be settled as solvent? With some hesitation we answer this question in the affirmative. The administrator is the agent of the creditors in marshaling the assets of the estate and accumulating funds to pay their claims, and he is as well the legal representative of the estate. It may be said that the heirs in this case were under no legal obligation to pay the debts of the intestate, and this is true in the sense that

no judgment could be obtained against them for such payment. If debts remain, however, after the personal estate is exhausted, as was true in this case, the heirs hold the title to the legal estate inherited subject to the right of the administrator to sell all or so much of it as may be necessary to pay the claims allowed against the estate. Money paid to an executor or administrator by the heirs of a decedent to prevent the sale of the decedent's real estate for his debts is assets of the estate. (*Fay v. Taylor,* 68 Mass. 154.) A contract, then, of the grantee to pay the debts of an estate in consideration of the heirs' conveying to him a portion of the lands of the decedent may be well said to be assets in the hands of the administrator, and, if so, he may bring an action upon it and enforce it.

It is said that neither the heirs nor the administrator knew anything about this contract. This is no answer. (*Anthony v. Herman,* 14 Kan. 494.) It is true that the administrator, if he had not deemed the contract to be of advantage to the estate, might have ignored it and proceeded to sell the real estate to pay the debts. So might Anthony, in the case above cited, have disregarded the contract of the defendants in that case and proceeded against Mark Kelly, the original debtor. In *Life Assurance Society v. Welch,* 26 Kan. 632, 641, the court said:

"Now whatever may be the rule in other states, it is well settled in this state that third parties not privy to a contract, nor privy to the consideration thereof, may sue upon the contract to enforce any stipulations made for their especial benefit and interest."

The administrator in this case was the legal representative of the estate, and we see no reason why he should not be allowed to sue upon the contract for the benefit of the estate, even if we assume that he might have disregarded the contract and sold the land for the purpose of paying the debts of the estate. The

heirs had already conveyed the land for that very purpose.

Stewart is not in a good position, after he has received all the benefits of the contract, to say that he should not perform the obligations thereof on his part. It is true the evidence tends to show that he made another contract with the Knowles heirs and paid out $500 to secure the performance thereof, which he would not have been required to pay under the contract with the life-insurance company; but the contract with the life-insurance company was not merged in his subsequent written contract with the heirs. The making of the latter contract and the payment of the $500 thereunder seem to have been an attempt on the part of Stewart to evade his obligations under the former contract. If so he cannot be heard to complain if he has in a measure to bear the burdens which he assumed under both contracts.

The plaintiff in error bases several alleged errors upon a claimed variance between the allegations of the petition and the statement of counsel for the defendant in error to the jury at the beginning of the trial. We should not notice this objection had it not occurred in several other cases. The statute authorizing a party on whom rests the burden of the issues briefly to state his case and the evidence by which he expects to sustain it is permissive only. He may make such statement, or not, at his own election. If he should elect to make no statement, the opposite party could not demur or object to the introduction of evidence on the ground that there is nothing to be tried before the jury. The issues are made by the pleadings and not by the respective statements of the parties. If a party under such circumstances makes a statement at variance with his pleadings the statement may, upon objection, be excluded. At any rate, he should not, over an objection, be allowed to introduce evidence in support of such statement, so far as it is at variance

with his pleadings. If, however, a party, in making such statement, makes statements in contradiction of the facts stated in his pleadings, such statements should be taken, for the purpose of the trial, as an admission adverse to the fact as alleged in the pleading.

The only further matter to which we consider it necessary to advert is the instructions asked and refused and the instructions given relating to the fees or compensation of the probate court and the fees of the attorney of the estate. If, as we hold, the contract sued on was an agreement that the administrator could maintain suit upon, it was proper and necessary that he should have an attorney to bring the suit, and the contract of the defendant below was that he would pay the debts of the estate and expenses of administration, so that the estate should be settled as solvent. The estate could not be settled as solvent without paying the costs of the probate court and a reasonable amount to the administrator for his services and reasonable compensation to the attorney for necessary services rendered to the estate. While attorney's fees for prosecuting or defending an action are not usually recoverable by the prevailing party in such action, in the absence of an express statute, for the reason that they are not within the contemplation of the contracting parties at the time of making the contract or transaction, in this case it was fairly contemplated and provided for in the contract, and the defendant below should not be heard to complain that such fees are greater than were contemplated, as he alone is responsible for making the additional services of an attorney necessary. All the questions of fact in regard to the reasonableness of the fees and charges were tried and determined by the jury.

The judgment is affirmed.

All the Justices concurring.