No. 31,105.

W. A. CAYLOR and STELLA M. CAYLOR, his Wife, *Appellants*, v. CHARLES CASTO and MANDA CASTO, his Wife, et al., *Appellees*.

(22 P. 2d 417.)

Opinion filed June 10, 1933.

*F. J. Oyler, G. R. Gard, Stanley E. Toland,* all of Iola, and *Karl V. Shawver,* of Paola, for the appellants.

*Ben F. Winchel,* of Osawatomie, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action to cancel a contract for the exchange of real estate.

The petition alleged the execution of a contract whereby plaintiffs were to exchange 400 acres of land in Elk county for at least five separate pieces of real estate in the city of Osawatomie, all of said real estate being subject to encumbrances; that after the contract was executed it was discovered defendant did not have title to one lot he had contracted to convey and that the encumbrance was $522.98 more than represented; that a supplemental contract was made by which the lot was eliminated and defendants were to reduce the encumbrance; that defendants had taken possession of the Elk county land, and that plaintiffs did not have possession of the properties in Osawatomie. Copies of the original and supplemental

contracts were attached. It was alleged that defendants had failed to perform and that there had been demand for performance. Reference was made to certain personal property which became involved in the transactions, and allegations were made as to certain items of expense. The petition concluded with a prayer for cancellation of the contracts, for return of certain documents placed in escrow and for damages in the sum of $2,292.02.

The defendants' answer denied plaintiffs' right to relief, alleged mutual mistake, claimed the right to explain ambiguities in the contracts by parol evidence and by way of cross petition prayed for specific performance.

The cause came on for trial, and plaintiffs made a statement of their case, reading the contracts to the court. The court made inquiries as the statement proceeded. Plaintiffs' counsel called attention to an item of $402.98 as being a difference between the parties, and the court inquired if it was to be taken care of by a certain mortgage, to which plaintiffs' counsel responded that it was not taken care of by the mortgage, that it was to be paid, whereupon defendants' counsel stated: "That is one of the questions at issue." There was also controversy about other amounts involved, counsel for both plaintiffs and defendants and the court engaging in colloquy concerning the claims and the issues, especially with reference to the condition of title to the lots in Osawatomie. No good purpose can be served by attempting to show the statement, with the interruptions, in detail. The defendants then made a statement of their defense, where considerably the same process as above outlined was followed, but in which it was clearly shown that there was real and substantial controversy between the parties.

According to the journal entry, the court, after hearing plaintiffs' statement, suggested to the parties and found that the controlling question was the title to certain of the property and ordered that plaintiffs submit a written brief, and that thereafter defendants submit a written reply brief—and continues:

"And now on this 16th day of April, 1932, this cause comes on for final determination and judgment of the court. And the court, having received and carefully considered the written briefs of plaintiffs and defendants submitted to him in accordance with the aforesaid order and being in all things herein well advised, finds that the title to lot twenty-three (23) in block eight (8) in Youman's addition to the city of Osawatomie, in Miami county, Kansas, is defective," etc.,

and finding that the title should be quieted, and upon so quieting the title judgment should be for defendants, and ordering specific performance by the escrow bank delivering certain papers.

The plaintiffs appeal and have filed abstract and brief. For reasons evidently satisfactory to them the appellees have filed no brief, and we do not know on what basis or theory they attempt to justify the judgment in their favor. In an effort to learn just what might have been said and what admission might have been made, we have procured the transcript. It would extend this opinion to too great length to call attention to the ambiguities in the contracts, referred to in defendants' answer, and to state in any detail the varying claims of the parties with reference to matters, some of which are properly to be explained because of ambiguity and claimed mutual mistake, and some of which refer to condition of the titles to the real estate, but we may say that we find nothing that could possibly warrant the court in rendering a judgment that after defendants had quieted title to one of their lots that then specific performance should be had. It may well be that plaintiffs are not entitled to rescission, but if specific performance is proper, plaintiffs are entitled to receive a second mortgage lien on the farm land, the term and interest rate being fixed by the second contract, but the principal sum of which is not stated and can only be determined after the issues of fact presented are settled. And mention of the above is not to be construed as being the only issue in the cause; it is mentioned only by way of illustration.

In *Smith v. Insurance Co.*, 108 Kan. 572, 196 Pac. 612, the first and second paragraphs of the syllabus recite:

"As opening statements of counsel are generally no more than outlines of anticipated proof and not intended as a complete recital of the facts to be produced on contested issues, a judgment should not be entered on such statements unless they are understandingly and completely made and the facts so stated absolutely preclude a recovery or a proposed defense.

"Where there is doubt or ambiguity in the opening statement of counsel upon which judgment is asked, the counsel who makes it is entitled to the presumption that he did not intend to make an admission that would be fatal to his case."

See, also, *Moffatt v. Fouts*, 99 Kan. 118, 160 Pac. 1137; *Brashear v. Rabenstein*, 71 Kan. 455, 80 Pac. 950; *Stewart v. Rogers*, 71 Kan. 53, 80 Pac. 58; *Gas Co. v. Carter*, 65 Kan. 565, 70 Pac. 635; 38 Cyc. 1476 and 26 R. C. L. 1071.

Opening statements, being permissive and not obligatory, may be brief or full and complete. No judgment should be entered on the opening statements of counsel unless it clearly appears that such statements are knowingly and completely made, and disclose facts which absolutely preclude a recovery by one party and compel a judgment for the other. .

We have searched the record in vain to learn where plaintiffs made any statements or admission which, in the absence of proof, precluded recovery by them, or by reason of which defendants were entitled to judgment in the manner and form in which it was rendered.

The judgment of the lower court is reversed and the cause is remanded for a new trial.