No. 39,452

RAYMOND J. HENGEL, *Appellee,* v. K. W. THOMPSON and ANDREW THOMPSON, doing business as Ken-Roze Architects, *Appellants.*

(272 P. 2d 1058)

Opinion filed July 6, 1954.

*LaRue Royce*, of Salina, argued the cause, and *Harold B. Lewis*, of Scott City, and *E. S. Hampton, H. H. Dunham, Jr., John Q. Royce, H. G. Engleman*, and *C. Stanley Nelson*, all of Salina, were with him on the briefs for the appellants.

*D. B. Lang*, and *James W. Wallace*, both of Scott City, were on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action for damages for the alleged breach of contract of employment. Issues were joined by appropriate pleadings, and at the trial of the action plaintiff moved for judgment in his favor on the pleadings and opening statement of defendants' counsel, and from the order of the trial court sustaining the motion and entering judgment thereon in favor of the plaintiff, defendants appeal.

Appellee Raymond J. Hengel will be hereinafter referred to as plaintiff, and appellants K. W. Thompson and Andrew Thompson as defendants.

The petition alleged in substance that defendants were architects, and plaintiff was a student majoring in architectural engineering. On May 28, 1951, plaintiff and defendants entered into a parol contract of employment for the summer or building season of 1951 at an agreed monthly wage as a supervisor and design engineer. At that time it was ascertained that an additional semester of school was required in order to fulfill requirements for plaintiff's graduation as an engineer and, as an additional consideration, defendants orally agreed to pay plaintiff $200 per month for a period of approximately four months while plaintiff attended either the fall 1951 or spring 1952 semesters in order to graduate. It was also ascertained that plaintiff would have time during his final semester to devote to practical work other than school, and it was agreed that defendants would supply plaintiff with drafting and other engineering work of sufficient quantity so as not to interfere with his studies, and plaintiff would obtain practice in analyzing structures and perform design engineering which would prove beneficial, and provide experience for him. Plaintiff accepted the offer on May 31, 1951, and entered the employment of defendants under the contract; that said employment continued past the starting of the fall or first school semester of

the year 1951, and continued until November 20, 1951, at which time plaintiff was discharged by defendants. Plaintiff alleged that the parol contract of employment had been breached by the defendants without fault on his part, and sought damages in the sum of $800.

Defendants' answer denied generally all the allegations of the plaintiff's petition, and alleged in substance that plaintiff was employed by defendants as a design engineer, construction supervisor and architect inspector on a monthly salary, and that such employment was subject to plaintiff's performing satisfactory work, and that such work was to be done at defendants' satisfaction. The parties agreed that if plaintiff performed satisfactory work for defendants, the defendants would pay him the sum of $200 a month for a period of four months while plaintiff completed one semester of school, and while doing so plaintiff was to perform drafting and engineering work for defendants; that plaintiff commenced work for defendants June 1, 1951, and continued in their employ until November 21, 1951, at which time the plaintiff was discharged by defendants for the reason that his work was unsatisfactory to the defendants in that he failed and refused to construct buildings upon which he was placed as supervisor, according to the plans and specifications and according to instructions from the defendants; that his work showed neglect and inattention and caused serious damage to the defendants; that as an architect inspector for the defendants, plaintiff failed and refused to see that buildings were constructed according to plans and specifications and, by his neglect and inattention, allowed the contractor to perform much of the construction work, contrary to the plans and specifications, and caused the defendants serious financial loss and tended to destroy confidence in the defendants' clients in the ability of the defendants; and without any approval or permission, took pictures of preliminary sketches and prospectives drawn in the office of the defendants for promotion work for prospective clients and showed such photographs to other persons to the damage and detriment of defendants; that during all of the time the plaintiff was in defendants' employ, he was paid his salary at the times and in the amounts provided in the contract of employment; and at the time the plaintiff was discharged he was paid by defendants all money plaintiff was entitled to under said contract. Plaintiff's reply was a general denial.

Defendants' opening statement was brief. It was a mere outline

of anticipated proof, and did not contain a complete recital of all the facts alleged in their answer. It detailed some of the alleged acts of omission and commission on the part of the plaintiff indicating his failure and refusal to comply with the architectural drawings, specifications and instructions of the defendants at the time he was supervisor of construction, and his failure and refusal to see that the contractors did the construction work according to plans and specifications prepared by defendants on the work on which plaintiff was acting as inspector, and that these failures on the part of plaintiff caused considerable damage and expense to defendants, and by reason thereof the plaintiff was discharged. In substance, the opening statement concluded that plaintiff breached his contract and he was discharged by the defendants for the reason that he failed to comply with defendants' instructions and to perform his work as directed, all to the damage and financial loss to the defendants, and that his discharge was justified.

Defendants contend that the court erred in sustaining plaintiff's motion for judgment based solely upon the pleadings and opening statement of defendants' counsel. We agree the ruling of the court was erroneous.

Issues were framed by the pleadings, and the defense alleged was not waived or shown to be groundless by the opening statement. Entering judgment on an opening statement is a summary but ordinarily not a satisfactory approved method of settling disputed issues of fact. A litigant's cause should not be concluded by an incomplete or ambiguous statement made to the court or jury as to the proof he will offer at the trial.

In *Stewart v. Rogers*, 71 Kan. 53, 80 Pac. 58, we held:

"The statute authorizing a party upon whom rests the burden of the issues briefly to state his case and the evidence by which he expects to support it is permissive only. He may or may not make such statement, at his own election. The issues are made not by such statements but by the pleadings. If a party elect to make such statement, and there be a substantial variance between it and his pleading, it is not a sufficient ground upon which to base a motion for judgment in favor of the opposite party, unless such statement in effect admits facts which preclude the party's right of action or defense as stated in his pleading."

It is the general rule of law in this state that opening statements of counsel are generally no more than outlines of anticipated proof, and not intended as a complete recital of the facts to be produced on contested issues. Judgment should not be entered on such state-

ments unless they are understandingly and completely made and the facts so stated absolutely preclude a recovery or a proposed defense. Where there is doubt or ambiguity in the opening statement of counsel upon which judgment is asked, the counsel who makes it is entitled to the presumption that he did not intend to make an admission that would be fatal to his case. (*Smith v. Insurance Co.,* 108 Kan. 572, 196 Pac. 612; *Caylor v. Casto,* 137 Kan. 816, 22 P. 2d 417.) The pleadings and not the statements of counsel, make the issues, and no matter how deficient a statement may be from an artistic standpoint, or what its shortcomings may be in the estimation of the critical attorney on the other side, the court is not authorized to end the case because of them unless some fact be clearly stated or some admission be clearly made which evidence relevant under the pleadings cannot cure, and which, therefore, necessarily and absolutely precludes recovery. (*Brashear v. Rabenstein,* 71 Kan. 455, 80 Pac. 950; *Caylor v. Casto,* supra; *Rodgers v. Crum,* 168 Kan. 668, 673, 215 P. 2d 190; *Wilson v. Holm,* 164 Kan. 229, 188 P. 2d 899; *In re Estate of Modlin,* 172 Kan. 428, 437, 241 P. 2d 692; West's Kansas Digest, Trial, § 109; 5 Hatcher's Kansas Digest [Rev. Ed.], Trial, § 69½. See annotation, 83 A. L. R. 221.)

This court on occasion has approved or directed judgment on the pleading of a litigant and the opening statement of his counsel, but we have said such summary disposition of an action should only be made when it is clear that *on no theory of the facts pleaded and stated* can the pleader's cause or defense prevail. (*Taylor v. Coleman Lamp & Stove Co.,* 141 Kan. 168, 170, 40 P. 2d 457.)

An examination of the mentioned pleadings and opening statement by defendants' counsel reveals that at least some of the issues presented by the pleadings were (1) what were the terms and conditions of the contract of employment; (2) did the plaintiff perform his part of the contract, and (3) was the termination of the contract by the defendants wrongful or justified? It is clear that defendants' answer stated a valid defense to the plaintiff's claim, and our search of the record fails to disclose where defendants made any statement or admission which necessarily and absolutely precluded their defense or compelled a judgment for plaintiff. It follows the judgment must be reversed and the case remanded with instructions to the trial court to set aside the judgment rendered and to grant a new trial.

It is so ordered.