No. 42,279

Ruby L. Soden, *Appellant,* v. Lee Gemberling, *Appellee.*

(366 P. 2d 235)

Opinion filed November 10, 1961.

*Maurice P. O'Keefe, Sr.,* and *Maurice P. O'Keefe, Jr.,* both of Atchison, argued the cause and were on the briefs for the appellant.

*Charles L. Davis, Jr.,* of Topeka, argued the cause, and *Howard A. Jones, William E. Haney, Frank M. Rice, Sterling S. Waggener,* all of Topeka, and *Robert F. Duncan,* of Atchison, were all with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: Plaintiff commenced this action in the district court of Atchison County by filing a petition in which she sought to recover damages alleged to have been sustained in an automobile collision on a public highway. The defendant answered and cross petitioned for damages to his automobile.

On the trial of the issues, joined by pleadings which are not involved, the jury returned a general verdict finding that neither party should recover and, in its answers to submitted special questions, found that the plaintiff did not take reasonable steps to avoid the collision and that she suffered no permanent injury as a result of the accident.

Plaintiff's motion for a new trial was overruled and she perfected the instant appeal wherein she assigns numerous errors on the part of the trial court.

The evidence adduced during the trial was highly conflicting. The facts essential to disposition of the questions raised on appeal may be stated thus:

On the date of the accident plaintiff was driving west on Highway 73, about nine miles west of the City of Atchison, Kansas. As she was approximately 500 feet east from the crest of a hill she noticed a car turn onto the highway from a side road and proceed east. The side road was approximately at the crest of the hill. Defendant then came over the crest of the hill on the highway from the west. In an effort to avoid the automobile which had turned on the highway defendant drove about two feet north of the center line of the highway. The highway was 24 feet in width with an extending grass shoulder. The collision between defendant's automobile and the automobile which plaintiff was driving followed.

In view of the findings of the jury it will not be necessary to attempt to glean from the conflicting testimony other detailed facts, except as they are considered in connection with plaintiff's contentions.

Plaintiff first complains of the abuse of the privilege relationship existing between physician and patient. Prior to trial defendant filed a motion to take the deposition of Dr. H. L. Tospon, one of plaintiff's physicians, residing in St. Joseph, Missouri. The plaintiff moved to restrain the taking of the deposition for the reason the testimony would relate to confidential matters between doctor and patient. The court authorized the taking of the deposition, reserving to plaintiff the right to register objections to be ruled upon at

the time of the trial. The plaintiff's contention that the taking of the deposition should have been suppressed lacks merit and cannot be upheld.

The General Statutes of Kansas specifically provide when depositions may be used in an action (G. S. 1949, 60-2819) without any express limitation as to when they be taken, so long as they are taken after service of summons upon the defendant. (G. S. 1949, 60-2820 and 60-2821.) The deposition of any witness may be used when the witness does not reside in the county where the action or proceeding is pending (60-2819, *supra*). The witness must, of course, be competent to testify. It is the use rather than the taking of the deposition that is restricted. Whether the use of the deposition is proper may depend on many contingencies occurring during the trial. However, it goes without saying, a deposition cannot be used unless it is taken. The taking, therefore, should not be unduly restricted.

The privileged communication statute (G. S. 1949, 60-2805) does not cover communications made by a patient to his doctor other than those that relate to the disease or ailment which the physician was called to treat. (*K. C. Ft. S. & M. Rld. Co. v. Murray*, 55 Kan. 336, 40 Pac. 646; *State v. Townsend*, 146 Kan. 982, 73 P. 2d 1124.) Furthermore, the privilege may be waived. Communications made in professional confidence are not incompetent. See, e. g., *State v. Cofer*, 187 Kan. 82, 353 P. 2d 795, where it is said:

"Generally speaking, it may be said the statute contemplates that the patient may consent to his physician testifying and therefore no question of public policy is involved. It is elementary that communications made in professional confidence are not incompetent, and that if a third person hears them he may testify. The disqualification is imposed upon the physician only, and not for his benefit or for the benefit of the public, but merely is a privilege to the patient, which privilege, like many others, may be waived. (*Insurance Co. v. Brubaker*, 78 Kan. 146, 155, 96 Pac. 62, 130 Am. St. Rep. 356, 18 LNS 362; *Flack v. Brewster*, 107 Kan. 63, 65, 66, 67, 190 Pac. 616, and *Chaffee v. Kaufman*, 113 Kan. 254, 256, 214 Pac. 618.)" (pp. 89, 90.)

The trial court cannot anticipate in advance of the presentation of the evidence at the trial what evidence may or may not be admissible. For this reason, if no other, the parties should not be restricted in their efforts to make available testimony that may become admissible at the trial, if it is material to the issue.

The deposition of Dr. Tospon was taken. He testified he had occasion to treat a Mrs. Soden and took some X-rays. The X-ray

pictures were produced at the time the deposition was taken but were not introduced as evidence. The record on this point discloses plaintiff's counsel objected for the reason the questions required the doctor to divulge confidential relations, whereupon counsel for defendant announced he had no further questions.

During the course of the trial plaintiff testified that after the accident she was treated by her family physician. She also stated she was treated by a chiropractor but he did not help her and that she then went to Dr. Tospon in St. Joseph, Missouri, for treatment. She further testified that she was next treated by Dr. Brady, who testified on her behalf.

Defendant read the deposition of Dr. Tospon in evidence. Plaintiff contends this was error. We cannot agree. The deposition did nothing more than support the testimony of plaintiff to the effect that she was treated by Dr. Tospon. The nature or purpose of the treatment was not disclosed. It would serve no useful purpose to extend this opinion by discussing defendant's contentions that plaintiff's testimony as to her doctors and their treatment waived her right to claim privilege.

Plaintiff complains because defendant made no opening statement on his cross-petition for damages to his automobile and plaintiff's motion for judgment on the pleadings as to the cross-claim was therefore erroneously overruled.

We covered this question in *Stewart v. Rogers*, 71 Kan. 53, 80 Pac. 58, where we held:

"The statute authorizing a party upon whom rests the burden of the issues briefly to state his case and the evidence by which he expects to support it is permissive only. He may or may not make such statement, at his own election. The issues are made not by such statement but by the pleadings. If a party elect to make such statement, and there be a substantial variance between it and his pleading, it is not a sufficient ground upon which to base a motion for judgment in favor of the opposite party, unless such statement in effect admits facts which preclude the party's right of action or defense as stated in his pleading." (Syl. ¶ 2.)

The pleadings not the statement of counsel make the issues. Opening statements are permissive and not obligatory. (*Hengel v. Thompson*, 176 Kan. 632, 272 P. 2d 1058.)

Moreover, it is to be noted, the jury allowed defendant nothing on his cross-petition. Under these circumstances it cannot be successfully argued plaintiff's rights were prejudiced because defendant failed to mention in his opening statement that he was making a cross-claim.

The plaintiff complains of the court's failure to excuse two jurors for cause. The daughter-in-law of one juror worked for Robert Duncan, one of the defendant's counsel. Another juror stated he considered Duncan as his attorney. The trial court examined the jurors at some length to determine whether they could render a fair and impartial verdict. Both jurors were removed on plaintiff's peremptory challenge. We find no abuse of the court's discretion in refusing to discharge either of these jurors for cause.

The qualifications of jurors is a matter that must be left to the sound discretion of the trial court. The controlling rule is stated in *Critchfield v. Ernzen*, 181 Kan. 284, 310 P. 2d 930, where it is said:

"On *voir dire* examination two prospective jurors admitted one of appellant's counsel was involved in litigation adverse to their respective interests. Each such juror was challenged for cause. These challenges were overruled on the ground neither juror had admitted prejudice against the appellant. Thereafter both such jurors were excused on peremptory challenges and subsequently no objection was made to the qualifications of any of the jurors who participated in the trial. In the face of what has just been related we are unable to agree with appellant's contention the trial court abused its discretion or committed reversible error in refusing to disqualify the jurors in question.

"See *Parnell v. Security Elevator Co.*, 174 Kan. 643, 258 P. 2d 288, where it is held:

" 'Whether a prospective juror is qualified is addressed to the sound discretion of the trial court on the juror's *voir dire*, and the trial court's determination will not be disturbed unless it appears it abused its discretion.' (Syl. ¶ 1.)

"And *Bailey v. McLeod*, 143 Kan. 638, 56 P. 2d 460, which reads:

" '. . . More than that, Olson did not sit as a juror in the trial of this case, defendants having excused him by a peremptory challenge; hence the error, if any, of the court's ruling on the challenge for cause becomes of but little importance, since no complaint is made of the qualifications of any juror who participated in the trial. (*State v. Hooper*, 140 Kan. 481, 502, 37 P. 2d 52.)' (p. 640.)

"See, also, *State v. Springer*, 172 Kan. 239, 239 P. 2d 944, where it is said:

" 'The constitutional guaranty is that an accused shall be tried by an impartial jury. The matter of peremptory challenges is merely statutory machinery for carrying out and securing the constitutional guaranty. Error in overruling a challenge to a juror is not ground for reversal unless the accused was prejudiced thereby. The real question is: Was the jury which tried defendant composed of impartial members? In the absence of any objection on the part of defendant to any member as it was finally drawn to try him we cannot say it was not impartial.' (p. 245.)" (pp. 289, 290.)

The plaintiff objects to the court's instruction No. 15 which reads as follows:

"You are instructed that the driver of a motor vehicle on the proper side of a highway has the right to presume that an automobile approaching from the opposite direction on the left-hand or wrong side of the highway will get over to his own proper side in time to avoid a collision, and the person on his own right-hand side is under no duty to proceed under any other assumption until he has notice to the contrary, but once the person on the proper side of the road has or reasonably should have knowledge that the other driver is not going to or cannot return to his own side of the road, the driver on his own right side of the road must take all reasonable steps possible to avoid a collision."

The foregoing objection is based on a claim there was no evidence that plaintiff could do anything to avoid the accident. The record does not support the contention.

In this connection there was testimony to the effect that defendant was only two feet over the center line; the travel area was twelve feet; there was six to eight feet of grass shoulder on plaintiff's side of the road; and plaintiff could see 500 feet up the road which was not quite to the top of the hill. More light will be thrown on this objection as we consider plaintiff's objection to instruction No. 20 which reads as follows:

"You are instructed that one, who without negligence on his own part, is suddenly placed in a position of danger requiring immediate and rapid action without time for deliberation as to the best course to pursue, is not chargeable with negligence or contributory negligence even though he omits to act in the most judicious manner. In an emergency, while it is the duty of a driver to exercise diligence to avoid injury, consideration must be given to a sudden danger which may arise, and even if the driver does not choose the wisest and best course in an emergency, he is not to blame if there is not time or opportunity for deliberation to exercise judgment.

Plaintiff contends that the last quoted instruction should never have been given as there was no evidence that defendant was at any time without negligence on his part. Again we cannot agree with plaintiff's contention. There was evidence to the effect that defendant was traveling on a main highway at sixty to sixty-five miles per hour; he came over the crest of a hill and was confronted by a car that had just turned on to the highway at a very slow rate of speed; plaintiff was approaching on the other side of the highway; defendant applied his brakes and skidded about 122 feet; defendant had his automobile settled down about three feet behind the automobile which had turned on to the highway and about two feet over the center line when the collision occurred. In the face of this evidence it cannot be said as a matter of law that defendant was guilty of negligence.

Plaintiff objects to the special questions and answers because there was no evidence that the plaintiff had an opportunity to turn to the right or take any steps necessary to avoid the accident. The limited evidence, which we have reviewed, is sufficient to warrant the finding of the jury that there was room to the right or north of the defendant's automobile for plaintiff's automobile to pass in safety.

The plaintiff, while admitting that the matters complained of are addressed to the sound discretion of the trial court, contends that the court abused its discretion in requiring the plaintiff to submit to a medical examination, restricting plaintiff's cross-examination, and permitting defendant to ask leading questions on redirect examination of a witness. Without extending this opinion by a lengthy review of the contentions, it will suffice to say that we have carefully reviewed the record of the trial proceedings and find no abuse of the trial court's discretion.

What has been heretofore stated and held compels a conclusion the trial court did not err in overruling plaintiff's motion for a new trial and we find nothing in the record or in contentions advanced to warrant a reversal of the judgment. Therefore the judgment must be affirmed.

It is so ordered.