No. 46,120

FIREMAN'S FUND AMERICAN INSURANCE COMPANIES, *Appellant,* v.
CENTRAL SECURITIES, INC., *Appellee.*

(491 P. 2d 914)

Opinion filed December 11, 1971.

*David G. Arst,* of Wichita, argued the cause and was on the brief for the appellant.

*Richard C. Hite,* of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an action by Fireman's Fund American Insurance Companies for damages against its agent, Central Securities, Inc.

On June 2, 1969, this case came on for trial before a jury, and after each of the parties made their opening statements the trial court, without motion, rendered a summary judgment for the defendant. Plaintiff appeals.

We must determine whether or not there was a genuine issue as to any material fact based on the pleadings, depositions, answers to interrogatories, and admissions.

The petition disclosed that the plaintiff is an insurance corporation and that defendant was the authorized agent of the plaintiff for the purpose of securing insurance business; that on or about February 11, 1965, defendant solicited and received an application for fire insurance on premises owned by one Nellie J. Myers; that as a result of the application and representation made therein the plaintiff issued a policy of insurance on said premises insuring against loss by fire; that the risk assumed by plaintiff was based upon the representation made by said Nellie J. Myers that the building was being used as a wholesale paper warehouse; that subsequent to the issuance of such insurance policy the occupancy and use of said premises was changed and the new use was for the fabrication of polyurethane; that the fire risk involved in use of said premises for the fabrication of polyurethane was greater than the risk assumed by plaintiff under its original policy and the underwriting standards of plaintiff prohibited the latter risk; that the defendants received due notice of the change in occupancy and use of said premises, but failed to notify plaintiff of said change; that subsequently, while said policy was in force said premises were destroyed by fire and the amount of the loss was paid to the insured; *that if defendants had notified plaintiff of said change the policy of insurance would have been canceled by the plaintiff;* and that said loss was caused by the negligence of the defendants in failing in their duty to advise the plaintiff of said change in occupancy and use.

Counsel for plaintiff in his opening statement digressed from the allegation of the petition that the policy of insurance would have been canceled upon notification of the change in use of the premises, saying:

"The reason we feel this way is this: first of all—and as it will develop through the testimony and the exhibits—fire insurance companies have what they call Underwriters—some work for them. And in this particular case this is what happened. They also have engineers. These engineers along with the Kansas Inspection Bureau it totally separate, but our own company engineer goes out and looks at a building of this kind and determine whether or not we should cover it by insurance. It depends on the structure of the building and what the tenants are doing and so on. Then, they decide, number one, whether or not they are going to insure it or not. They pass the information to the company's Underwriters and it is their function to determine whether they will insure it or not, and if they do, they will determine what, if any, changes, will be made; if the sprinkler system is good, if the venting system is good, or what not.

"We contend we never had the opportunity to do this. We were never notified. We contend the insurance agent who was notified should have by

law under his obligation notified the company so we could have made these inspections and could have made the changes."

Following the opening statement of the defendant, the trial court commented that even if plaintiff's case would have been proven as alleged it would not have been a case that could have been "submitted to the jury for the reason that the theory of damages in this case is based on speculation and conjecture and uncertainty." It further stated that "if the agent had notified the company of the increased hazard then the company might have taken action which would or could have reduced the loss or eliminated the loss, and whether it would have or could have is simply speculation."

We have decided that opening statements of counsel are merely permissive and not obligatory; that they are generally mere outlines of anticipated proof; and that they are not considered as a complete recital of the facts to be produced on contested issues. We have stated that unless the opening statements understandingly admit facts that preclude recovery no judgment should be entered thereon. (*Hengel v. Thompson,* 176 Kan. 632, 272 P. 2d 1058.) We have also stated that where there is doubt or ambiguity in such a statement the counsel who made it is entitled to the presumption that he did not intend to make an admission that would be fatal to his client's case. (*Hengel v. Thompson,* supra; *Rodgers v. Crum,* 168 Kan. 668, 215 P. 2d 190.)

Applying these rules to counsel's opening statement we conclude that he did not admit any facts that precluded recovery and even though the statement could be considered ambiguous he is entitled to the presumption that he did not intend an admission fatal to his client's cause.

The record discloses that an employee of the plaintiff testified to the following by deposition:

". . . that we would have canceled this policy or asked for the cancellation of this policy. I do not know of any circumstances where we would have continued this policy in effect until the next policy date."

Also, in answer to an interrogatory plaintiff stated:

"The general company policy, and common sense, prohibits the issuance of fire insurance policy on premises used for fabricating of polyurethane where the plaintiff has never had an opportunity to examine an engineering report or become notified as to the identity of the occupant of the building insured or have the opportunity to check the same."

K. S. A. 60-256 (*c*) states:

"(*c*) . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ."

The trial court failed as required by this statute, to consider the deposition and the answers to interrogatories, each of which clearly disclose plaintiff's position and contention. If it were necessary to support plaintiff's cause of action to prove the policy of insurance would have been canceled upon notification that there was a change in the use of the premises, we hold that such proof was admissible herein.

We do not imply from the foregoing that plaintiff does not have a cause of action based on lack of opportunity to inspect because of failure to notify. A decision on this point is not necessary to this opinion and we feel that this issue could be more confidently determined after evidence is introduced and the question fully briefed.. We do note, however, that defendant failed to cite any authorities which support a rule of law to the effect that plaintiff is prohibited from recovery under either of these theories.

Summary judgment should not be granted on the belief that a party cannot prevail upon a trial. It is not unusual that the findings of a trial court will not be in accord with the findings of a jury. In order to dispose of litigation by summary judgment it must be *conclusively* shown that the cause of action or defense is *completely* without merit and it would be *futile* to try the action. (*Brick v. City of Wichita*, 195 Kan. 206, 403 P. 2d 964.)

The trial court, on the basis of the opening statement of the plaintiff, entered summary judgment for the defendant. In view of what has been herein said, this action was not a satisfactory method of settling the disputed issues of fact in this case.

We find that the trial court erred in granting summary judgment herein.

The judgment is reversed.

O'CONNOR and PRAGER, JJ., not participating.