(867 P.2d 1063)
No. 69,269

THOMAS ELLIS, *Appellant*, v. JOAN BERRY, *Appellee*.

Opinion filed November 12, 1993.

*Ronald W. Nelson*, of Overland Park, for the appellant.

*David J. Adkins*, of Bennett, Lytle, Wetzler, Winn & Martin, L.C., of Prairie Village, for the appellee.

Before PIERRON, P.J., ROYSE, J., and D. KEITH ANDERSON, District Judge, assigned.

PIERRON, J.: Plaintiff Thomas Ellis appeals the trial court's decision finding he was not entitled to judgment against defendant Joan Berry. Ellis also appeals the court's decision that his case

was frivolous and the resulting order that Ellis bear all costs and fees.

Ellis and Berry met in Florida in 1987. In September 1987, Berry accepted a highly paid position at Hallmark in Kansas City. Ellis quit his job and moved to Kansas City to live with Berry. Ellis was unable to find work immediately, so he took responsibility for household chores. Ellis and Berry lived rent-free in a condominium provided by Hallmark until September 1988.

Ellis claims he and Berry planned to purchase a home together. Berry changed her mind and is the sole owner of the home. Ellis assisted in remodeling work by purchasing supplies and performing physical labor. In February 1989, Berry paid Ellis $20,455 as reimbursement.

Ellis and Berry ended their relationship in July 1989. Ellis received another $12,000 as reimbursement in July or August of that year. Personal property acquired during the relationship was divided by the couple. Ellis felt he was shortchanged. He filed a petition seeking an unspecified sum of money for breach of an express or implied contract. Ellis also requested that the court exercise its equitable powers and divide property obtained during the relationship.

Prior to the hearing held in this case, Berry made two settlement offers. The first was for $2,000, the second for $5,000. Both were declined.

The proceedings were tried before the court. Ellis' attorney presented his opening statement. He requested judgment of approximately $15,000. He did not request a division of property. At the close of his statement the court inquired of Ellis whether there was any additional evidence of which the court should be aware. Ellis replied there was not, other than "minutiae." The court *sua sponte* dismissed plaintiff's case, holding Ellis failed to sustain his burden of proof. Berry's motion for fees and costs was granted. Berry's request for reimbursement for travel expenses and security guards was denied.

Ellis raises three issues on appeal.

First, he asks this court to determine whether a trial court may divide assets jointly obtained by an unmarried cohabiting couple. This point was decided in *Eaton v. Johnston*, 235 Kan. 323, 681 P.2d 606 (1984). A trial court may, in its discretion,

exercise its equitable authority to effect a just division of property. *Eaton*, 235 Kan. at 329.

Having said this, it must be noted that at no point during the trial before the court did Ellis request a division of property. In fact, his attorney stated the property had already been divided. His appeal therefore fails on this issue.

Ellis further asserts that the proceedings upon which the trial court based its decision were not conducted in an appropriate fashion.

Berry states that Ellis and his counsel consented to a trial on statements of counsel and sworn statements of the parties and objects now only because the decision was adverse to Ellis.

We have reviewed the 10½ page transcript of the proceedings. While it is possible to interpret what occurred in the manner asserted by Berry, it is also possible to find the alleged consent was simply an assertion made during opening statements.

Though proceeding on statements of counsel and the parties may well be an expeditious and fair way to present evidence, it must be clear in the record that both parties have agreed to the procedure and everyone understands how the matter is to be presented.

Based on the record before us, which contains no explanation of how the matter was to proceed, we must find that what was presented to the court was in the nature of an opening statement. We must therefore decide whether the trial court's decision to dismiss the petition after opening statement was an abuse of discretion. Abuse of discretion occurs when we find no reasonable person could agree with the trial court's decision. If any reasonable person could agree, the decision will stand. *Sullwold v. Barcus*, 17 Kan. App. 2d 410, 416, 838 P.2d 908 (1992).

The plaintiff bases his appeal on an unpublished opinion of this court. Unpublished opinions may not be cited as precedent to this court, except as the law of the case, res judicata, or collateral estoppel may require. Rule 7.04 (1992 Kan. Ct. R. Annot. 33).

The issue at hand was addressed in *Hengel v. Thompson*, 176 Kan. 632, 635-36, 272 P.2d 1058 (1954):

"It is the general rule of law in this state that opening statements of counsel are generally no more than outlines of anticipated proof, and not intended as a complete recital of the facts to be produced on contested issues. Judgment should not be entered on such statements unless they are

understandingly and completely made and the facts so stated absolutely preclude a recovery or a proposed defense. Where there is doubt or ambiguity in the opening statement of counsel upon which judgment is asked, the counsel who makes it is entitled to the presumption that he did not intend to make an admission that would be fatal to his case. (*Smith v. Insurance Co.*, 108 Kan. 572, 196 Pac. 612; *Caylor v. Casto*, 137 Kan. 816, 22 P.2d 417.) The pleadings and not the statements of counsel, make the issues, and no matter how deficient a statement may be from an artistic standpoint, or what its shortcomings may be in the estimation of the critical attorney on the other side, the court is not authorized to end the case because of them unless some fact be clearly stated or some admission be clearly made which evidence relevant under the pleadings cannot cure, and which, therefore, necessarily and absolutely precludes recovery. [Citations omitted.]"

In order to determine if the court correctly dismissed the petition, we must determine whether the plaintiff's opening statement contained facts or admissions which would preclude recovery for breach of express or implied contract.

In the case *In re Estate of Rogers*, 184 Kan. 24, 30, 334 P.2d 830 (1959), the Kansas Supreme Court stated, "An express contract exists whenever there is a mutual meeting of the minds upon any contractual proposition." This is a question of fact.

There are two types of implied contracts. Contracts implied in law are often referred to as quasi contracts or actions for restitution or unjust enrichment. These are not true contracts. Quasi contracts "are obligations imposed by law for the purpose of doing justice without reference to the intention of the parties." *Minnesota Avenue, Inc. v. Automatic Packagers, Inc.*, 211 Kan. 461, Syl. ¶ 1, 507 P.2d 268 (1973). A contract implied in law is a "fiction of the law designed to prevent unjust enrichment." *Mai v. Youtsey*, 231 Kan. 419, 422, 646 P.2d 475 (1982).

A contract implied in fact "arises from facts and circumstances showing mutual *intent* to contract." *Mai*, 231 Kan. at 422.

The statute of limitations on unwritten express or implied contracts is three years. K.S.A. 60-512. Ellis presented a list of receipts and cancelled checks to the court totalling $47,282.87. Of those, only 16 claims were not barred by the statute of limitations. Those 16 receipts totalled approximately $4,285. The stated facts would preclude recovery for money expended before February 17, 1989, the date Ellis filed his breach of contract action.

Although the court stated Ellis was not entitled to reimbursement, we believe there were insufficient facts before the court to reach this conclusion. Applying the standard set out in *Hengel*, we cannot say the facts presented absolutely precluded a recovery. It is not clear if the valid claims were included in the $32,000 already paid by defendant. If they were, plaintiff has no case. If not, he might.

Additionally, it appears from the facts and the court's statements that defendant may have paid for items which benefited or enriched the plaintiff. If that proves true, those sums could act as at least a setoff against any monies owed the plaintiff. Because of the state of the record that cannot yet be determined.

Finally, Ellis also appeals the order to pay costs and fees. The trial court's decision regarding fees was premature given our decision regarding the underlying case. We point out, though, that if during the course of a trial plaintiff is unable to establish a good faith claim which exceeds the offer of a settlement of $5,000, a judgment awarding fees and expenses to the defendant might be appropriate under K.S.A. 1992 Supp. 60-211.

Reversed and remanded for proceedings in accordance with this opinion.